# Exhibit 1

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| ONTARIO TEACHERS' PENSION PLAN BOARD, Individually and as Lead Plaintiff on behalf of all others similarly situated; and | No. 3:17-cv-00558 (SRU) |
| ANCHORAGE POLICE & FIRE RETIREMENT SYSTEM, Individually and as Named Plaintiff on behalf of all similarly-situated bond purchasers, | Class Action |
| Plaintiffs, | |
| v. | |
| TEVA PHARMACEUTICAL INDUSTRIES LTD.; EREZ VIGODMAN; EYAL DESHEH; SIGURDUR OLAFSSON; DEBORAH GRIFFIN; KÅRE SCHULTZ; MICHAEL MCCLELLAN; YITZHAK PERERBURG; AND TEVA PHARMACEUTICAL FINANCE NETHERLANDS III B.V., | December 13, 2019 |
| Defendants. | |

## JOINT MOTION TO
## CONSOLIDATE RELATED ACTIONS

Pursuant to the Court's November 18, 2019 Civil Case Management Order, the parties in the above-referenced action (collectively, the "Parties") hereby jointly move the Court to enter an Order in the form included herewith as Exhibit A, consolidating the four putative class actions pending before this Court in the manner set forth below, and reflecting the parties' agreements below, including as to Plaintiffs' filing of an amended complaint (*see* ECF No. 310). The Parties hereto also jointly move the Court for the entry of an Order in the form included herewith as Exhibit B, consolidating fifteen related individual actions before this Court with this Action for pretrial purposes, and the Teva Defendants will make separate submissions in each of those Actions seeking the entry of that proposed Order in those actions as well.

Under Rule 42(a), this Court has the power, and broad discretion, to consolidate actions "when there are common questions of law or fact to avoid unnecessary costs or delay." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). Exercising this power, district courts consolidate securities cases "where those actions relate to 'the same public statements and reports' and where consolidation would not prejudice the defendants." *Constance Sczesny Tr. v. KPMG LLP*, 223 F.R.D. 319, 322 (S.D.N.Y. 2004) (citation omitted); *see Bray v. Frontier Commc'ns Corp.*, No. 3:17-CV-1617 (VAB), 2018 WL 525485, at *8 (D. Conn. Jan. 18, 2018) (consolidating four securities class actions after determining that "there is substantial overlap in the questions of fact and law"). In short, consolidation is appropriate when it would serve to "expedite trial and eliminate unnecessary repetition and confusion." *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999). As discussed below, that is the case here. There is already substantial overlap in the various Teva-related class action Complaints, as several judges have recognized in granting motions to transfer those cases to this Court. Furthermore, pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure and with the written consent of Defendants, the Plaintiffs in the *Ontario* Action have just filed an Amended Complaint to eliminate any differences that existed between their prior Complaint and the other putative class action Complaints. In the interest of facilitating the most efficient resolution of these claims, the Defendants have consented to the *Ontario* Plaintiffs' recent amendment of their Complaint. The Parties respectfully submit that the grant of this joint motion will streamline the management and adjudication of all U.S. Teva-related securities class action claims.

## **BACKGROUND**

There are currently twenty actions pending before this Court against Teva Pharmaceutical Industries, Ltd. ("Teva") and various Teva affiliates and current and former Teva officers,

directors, and employees, in which plaintiffs allege violations of the federal securities laws (collectively, the "Related Actions"). Four of the Related Actions are putative class actions (collectively, the "Putative Class Actions"),[1] and sixteen of the Related Actions are direct actions brought by plaintiffs who have indicated that they intend to "opt-out" of the plaintiffs' class if one is certified by the Court pursuant to Rule 23 of the Federal Rules of Civil Procedure. This motion addresses the Putative Class Actions and fifteen of the "opt-out" actions (collectively, the "Direct Actions").[2]

The first-filed action amongst the Related Actions is this action, styled *Ontario Teachers' Pension Plan Bd. v. Teva Pharm. Indus. Ltd.*, No. 17-cv-558-SRU (the "*Ontario* Action"). As the Court is aware, the *Ontario* Action is the case among the various Related Actions that proceeded here and was the subject of the motions to dismiss that various defendants have filed in this Court

---

[1] The Putative Class Actions are: *Ontario Teachers' Pension Plan Bd. v. Teva Pharm. Indus. Ltd.*, No. 17-cv-558-SRU; *Huellemeier v. Teva Pharm. Indus. Ltd.*, 17-cv-1938-SRU; *Grodko v. Teva Pharm. Indus. Ltd.*, 18-cv-800-SRU; and *Emps.' Ret. Sys. of the City of St. Petersburg, Florida v. Teva Pharm. Indus. Ltd.*, 19-cv-1768-SRU. As discussed *infra* Section II.A.1, the putative class action styled *Baker v. Teva Pharm. Indus. Ltd.*, 18-cv-798-SRU was previously consolidated with the *Grodko* action, and for purposes of this Motion, the Parties treat the *Grodko* and *Baker* actions as consolidated, and refer to them together as the *Grodko/Baker* action.

[2] The fifteen Direct Actions are: *Nordea Investment Mgmt. AB v. Teva Pharm. Indus. Ltd.*, 18-cv-1681-SRU; *State of Alaska Dept. of Rev., Treasury Div. v. Teva Pharm. Indus. Ltd.*, 18 cv-1721-SRU; *Pacific Funds Series Trust & Pacific Select Fund v. Teva Pharm. Indus. Ltd.*, 18 cv-1956-SRU; *Pub. School Teachers' Pension and Ret. Fund of Chicago v. Teva Pharm. Indus. Ltd.*, 19-cv-175-SRU; *Schwab Capital Tr. and Schwab Strategic Tr. v. Teva Pharm. Indus. Ltd.*, 19-cv-192-SRU; *The Phoenix Insurance Co., Ltd. v. Teva Pharm. Indus. Ltd.*, 19-cv-449-SRU; *Mivtachim The Workers Social Ins. Fund Ltd. v. Teva Pharm. Indus. Ltd.*, 19-cv-513-SRU; *Clal Ins. Co. Ltd. v. Teva Pharm. Indus. Ltd.*, 19-cv-543-SRU; *Highfields Capital I LP v. Teva Pharm. Indus. Ltd.*, 19-cv-603-SRU; *Migdal Insurance Co. Ltd. v. Teva Pharm. Indus. Ltd.*, 19-cv-655-SRU; *Harel Pension and Provident Ltd. v. Teva Pharm. Indus. Ltd.*, 19-cv-656-SRU; *State of Oregon v. Teva Pharm. Indus. Ltd.*, 19-cv-657-SRU; *Migdal Mutual Funds, Ltd. v. Teva Pharm. Indus. Ltd.*, 19-cv-923-SRU; *Psagot Mutual Funds, Ltd. and Psagot Provident Funds & Pension Ltd. v. Teva Pharm. Indus. Ltd.*, 19-cv-1167-SRU; and *Stichting PGGM Depositary and Stichting Pensioenfonds Zorg En Welzijn v. Teva Pharm. Indus. Ltd.*, 19-cv-1173-SRU. This motion does not address *OZ ELS Master Fund, Ltd. v. Teva Pharm. Indus. Ltd.*, 17-cv-1314-SRU.

to date.  On April 3, 2018, this Court granted Defendants' motions to dismiss, affording Plaintiffs leave to replead, which Plaintiffs did in their Amended Consolidated Class Action Complaint filed on June 22, 2018.  On September 25, 2019, this Court denied in substantial part the motions to dismiss claims asserted in the Amended Consolidated Class Action Complaint filed by a majority of the Defendants in the *Ontario* Action.  *Ontario*, ECF No. 283 (Sept. 25, 2019) (the "September 25 Order").[3]

On November 18, 2019, the Court entered a Civil Case Management Order in the *Ontario* Action, which sets forth, among other things, a discovery schedule for the *Ontario* Action and requires the parties in the Related Actions to make a proposal to the Court regarding consolidation by December 13, 2019.  *Ontario*, ECF No. 298 at 1.  The Parties do not believe that any change to the current schedule is necessary, with the sole exception of the deadline to file Answers (addressed below).

By and through their counsel, the Parties have met and conferred regarding consolidation of the Putative Class Actions.  The Plaintiffs and Defendants here agree with the Court's comments at the November 13, 2019 Rule 16 Conference in the *Ontario* Action that the Putative Class Actions should be consolidated.  In the interests of preserving party and judicial resources and promoting efficiency, the Parties jointly propose consolidation of the Putative Class Actions in the manner discussed below and respectfully jointly request that the Court enter an Order in the form of the Proposed Order attached hereto as <u>Exhibit A</u>.

As noted above, the Parties hereto also jointly move the Court for the entry of an Order in the form included herewith as <u>Exhibit B</u>, consolidating for pretrial purposes fifteen Direct Actions

---

[3] The September 25 Order granted in its entirety the motion to dismiss of defendants Allan Oberman and Maureen Cavanaugh and directed the Clerk to terminate them as defendants in the *Ontario* Action.

before this Court with the *Ontario* Action.  The Teva Defendants will also separately be making submissions in each of the Direct Actions, moving for the entry of an Order in the form of <u>Exhibit B</u> and referencing the arguments made herein.

**AGREEMENT & PROPOSAL**

**I.   <u>APPLICATION OF THE COURT'S ORDERS.</u>**

The Parties request that the Orders entered by the Court on this Joint Motion should apply to the Putative Class Actions, the Direct Actions, and any class or individual action subsequently filed in, or transferred to, this District and assigned to this Court, which relates to the same subject matter as any of the foregoing actions, unless a party who has the right to object to the consolidation of any such subsequently filed or transferred case or to any provision of the Orders serves an application for relief from the Orders or from any of their provisions within seven days after the date on which defense counsel mails or emails a copy of the Orders to counsel for that party.[4]  The provisions of the Court's Orders on this Motion shall apply to any such action pending the Court's ruling on the application.

**II.   CONSOLIDATION OF THE PUTATIVE
CLASS ACTIONS WITH THE *ONTARIO* ACTION.**

As set forth below, even before the recent amendment of the *Ontario* Complaint, the *Ontario* Action overlapped with the *Grodko/Baker*, *St. Petersburg*, and *Huellemeier* actions in many ways.  Furthermore, and as discussed further below, the recent amendment of the *Ontario* Complaint, to which the Defendants consented under Rule 15(a)(2), eliminated any differences

_____

[4] The Parties are aware of just one related action not presently before this Court, which is not a putative class action.  That case, styled *Fir Tree Value Master Fund, LP & FT SOF V Holdings, LLC v. Teva Pharmaceutical Industries, Ltd.*, No. 2018-19713, is currently pending in the Court of Common Pleas of Montgomery County, Pennsylvania.  Defendants in that action moved to dismiss the case on grounds of *forum non conveniens* on October 16, 2018.  The motion was fully briefed as of December 21, 2018.  The court has not yet ruled on that motion.

that existed between their prior Complaint and the Complaints in *Grodko/Baker*, *St. Petersburg*, and *Huellemeier*.[5]  For the many reasons discussed below, these actions should be consolidated for all purposes.

### A.    Overlap Among Putative Class Actions.

The *Ontario* Action is a putative class action asserting claims for relief under the Securities Exchange Act of 1934 ("Exchange Act") and the Securities Act of 1933 ("Securities Act") based on alleged misrepresentations concerning the pricing of Teva's pharmaceutical products and competition in the generic drug markets.  Following the Court's September 25 Order, the remaining Defendants in the *Ontario* Action are Teva, Teva Pharmaceutical Finance Netherlands III B.V., Erez Vigodman, Eyal Desheh, Sigurdur Olafsson, and Deborah Griffin.  The asserted Class Period is February 4, 2014 through August 3, 2017.

As the Second Circuit explains, "Rule 42(a) of the Federal Rules of Civil Procedure empowers a trial judge to consolidate actions for trial when there are common questions of law or fact to avoid unnecessary costs or delay." *Johnson*, 899 F.2d at 1284.  Rule 42(a) provides district courts considerable discretion to consolidate cases in the interests of judicial administration.  *See Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018) ("District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases" under Rule 42(a)); *Johnson*, 899 F.2d at 1284 ("The trial court has broad discretion to determine whether consolidation is appropriate"); *United*

---

[5] As discussed below, by agreement with the Defendants, the *Ontario* Plaintiffs have not moved at this time to add claims under Israeli law, although the *Grodko/Baker* Complaint does assert Israeli law claims.  The Defendants will shortly be moving to dismiss the claims asserted in any cases here under Israeli law.  *See infra* Section II.C.  The Court in the *Mylan* case, to which this Court cited in its September 25 Order, dismissed the claims asserted there under Israeli law while otherwise proceeding with the adjudication of claims under U.S. securities law.  *In re Mylan N.V. Sec. Litig.*, No. 16-CV-7926 (JPO), 2018 WL 1595985, at *18-20 (S.D.N.Y. Mar. 28, 2018).

*States v. 43.47 Acres of Land*, 45 F. Supp. 2d 187, 194 (D. Conn. 1999) ("There is broad discretion to determine whether the actions call for consolidation").

In particular, "[c]onsolidation of multiple actions alleging securities fraud is appropriate where those actions relate to 'the same public statements and reports' and where consolidation would not prejudice the defendants." *Constance Sczesny Tr.*, 223 F.R.D. at 322 (quoting *Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997)); *see Bray*, 2018 WL 525485, at *8 (consolidating four securities class actions after determining that "there is substantial overlap in the questions of fact and law"); *In re Bank of Am. Corp. Sec., Deriv. & Emp't Ret. Income Sec. Act (ERISA) Litig.*, No. 09 MDL 2058 (DC), 2010 WL 1438980, at *3 (S.D.N.Y. Apr. 9, 2010) (Chin, J.) (consolidating securities class actions filed after appointment of lead plaintiff in first-filed case; plaintiffs in later-filed actions were "free to pursue their claims as individual cases-but not as class actions"); *In re Synergy Pharm. Inc. Sec. Litig.*, No. 18-CIV-873, 2019 WL 6150713, at *4 (E.D.N.Y. Nov. 20, 2019) (same). "Neither Rule 42 nor the PSLRA demands that actions be identical before they may be consolidated." *Pinkowitz v. Elan Corp.*, PLC, No. 02-CV-4948, 2002 WL 1822118, at *3 (S.D.N.Y. July 29, 2002) (quotation and citation omitted). In short, consolidation is appropriate when it would serve to "expedite trial and eliminate unnecessary repetition and confusion," *Devlin*, 175 F.3d at 130, as is undoubtedly the case here.

For the reasons set forth below, the Parties request that the Putative Class Actions (*i.e.*, the *Grodko/Baker*, *St. Petersburg*, and *Huellemeier* actions) be consolidated with the *Ontario* Action for all purposes (referred to hereinafter as the "Consolidated *Ontario* Action"). The Parties further request that, pursuant to Local Rule 42(a), although separate dockets shall be maintained for each of the Putative Class Actions, the docket for the *Ontario* Action shall be the "master docket," and

all papers hereafter filed in the Consolidated *Ontario* Action shall be filed on the docket and under the caption for the *Ontario* Action.

## 1. *Grodko/Baker*

The Parties request that the *Grodko* and *Baker* "actions" be consolidated with the *Ontario* Action for all purposes. As an initial matter, and as discussed below, the *Grodko* and *Baker* "actions" are actually a single action consolidated by the Chief Judge of the U.S. District Court for the Eastern District of Pennsylvania prior to its transfer to this Court.

Elliot Grodko filed a putative class action complaint on August 21, 2017 in the U.S. District Court for the Eastern District of Pennsylvania. *See Grodko v. Teva Pharm. Indus. Ltd.*, No. 17-cv-03743 (E.D. Pa.). *Grodko* was assigned to Judge Paul S. Diamond. The *Grodko* complaint named Teva, Erez Vigodman, Eyal Desheh, and Yitzhak Peterburg as defendants and asserted claims under the Exchange Act and the Israeli Securities Law, 1968. A little over a week later, Barry Baker filed a nearly identical complaint in the same court, against the same defendants, and asserting the same claims with the exception of the Israeli Securities Law claim. *See Baker v. Teva Pharm. Indus. Ltd.*, No. 17-cv-03902 (E.D. Pa.). The *Baker* case was originally assigned to Judge Gerald A. McHugh.

On October 23, 2017, the date for filing of Lead Plaintiff motions, Elliot Grodko voluntarily dismissed his claims in their entirety, explaining that the Complaint in the *Ontario* Action had been "expanded to include the claims filed" in *Grodko* and *Baker*. *Grodko*, ECF No. 11 (Oct. 23, 2017). Barry Baker did not file a motion to be appointed as Lead Plaintiff. A handful of other movants filed motions to be appointed as Lead Plaintiff.

On October 31, 2017, Judge McHugh assigned the *Baker* case to Judge Diamond, deeming it "related" to *Grodko*. *Baker*, ECF No. 7 (Oct. 31, 2017). Chief Judge Lawrence F. Stengel then

ordered that the two actions would "be **CONSOLIDATED** before [Judge] Diamond." *Grodko*, ECF No. 16 (Nov. 1, 2017) (emphasis in original).  Accordingly, as of November 1, 2017, the *Grodko* and *Baker* actions were one action, though neither of Messrs. Grodko or Baker were any longer pursuing their claims.

The Defendants in the *Grodko/Baker* action moved to transfer the consolidated action to this District on November 14, 2017.  *Grodko*, ECF No. 24.  Only two of the movants for Lead Plaintiff, Yael Amsellem ("Amsellem") and the Mason P. Slaine Revocable Trust ("Slaine"), opposed the transfer motion.  On December 29, 2017, Amsellem and Slaine "stipulated" that they would be co-Lead Plaintiffs.  *Grodko*, ECF No. 33.

On April 10, 2018, Judge Diamond granted the Defendants' motion to transfer the consolidated action to this District.  *Grodko*, ECF No. 37.  In so doing, Judge Diamond expressly "refrain[ed]" from ruling on Slaine's and Amsellem's stipulation regarding Lead Plaintiff appointment and ruling on any other Lead Plaintiff motion, noting that his "appointment of a lead plaintiff would interfere with Judge Underhill's management of the Connecticut action." *Id.* at 15. The *Baker/Grodko* consolidated action was electronically transferred to this District on May 10, 2018, and opened on two separate dockets.  The two dockets were transferred to this Court on May 29, 2018.

The Parties agree and request that the *Grodko/Baker* action be consolidated for all purposes with the *Ontario* Action.  Neither Mr. Baker nor Mr. Grodko remain plaintiffs.  There is no operative complaint.  No Lead Plaintiff has been appointed, and the deadline for moving for Lead Plaintiff has long passed.

Such as they are, the allegations in the initial *Grodko* and *Baker* complaints were entirely covered by those in the Prior *Ontario* Complaint.[6]  The *Grodko*/*Baker* class period (November 15, 2016 through August 2, 2017) is entirely subsumed by the Prior *Ontario* Complaint class period (February 4, 2014 through August 3, 2017).  *Grodko*/*Baker* rests on allegations that Teva was "actively concealing the negative impact resulting from the acquisition and integration of Actavis Generics on [Teva]'s financial results and business prospects."  *Grodko* Cmpl. ¶ 2 & *Baker* Cmpl. ¶ 2.  The Prior *Ontario* Complaint similarly involved allegations that Teva concealed the financial impact of the Actavis acquisition from the public, discussing this supposed concealment throughout the *Ontario* Amended Consolidated Class Action Complaint.  *See, e.g.*, *Ontario* Cmpl. ¶¶ 137, 194, 232, 234, 237, 322.  The misrepresentations referenced in the *Grodko*/*Baker* complaints, moreover, are based on many of the same public filings, such as the Q3 2016 6-K (*Grodko* Cmpl. ¶ 16; *Baker* Cmpl. ¶ 16; *Ontario* Cmpl. ¶ 231), December 5, 2016 6-K (*Grodko* Cmpl. ¶ 18; *Baker* Cmpl. ¶ 20; *Ontario* Cmpl. ¶¶ 325–27), 2016 20-F (*Grodko* Cmpl. ¶ 22; *Baker* Cmpl. ¶ 24; *Ontario* Cmpl. ¶¶ 236–37), Q1 2017 6-K (*Grodko* Cmpl. ¶ 25; *Baker* Cmpl. ¶ 27; *Ontario* Cmpl. ¶¶ 331–33).  Indeed, as noted above, Grodko voluntarily dismissed his claims because the Complaint in the *Ontario* Action had been "expanded to include the claims filed" in *Grodko* and *Baker*, *Grodko*, ECF No. 11 (Oct. 23, 2017).  Furthermore, as noted above, the *Ontario* Plaintiffs' amended Complaint eliminates any areas in which the *Grodko*/*Baker* Complaint and Prior *Ontario* Complaint previously lacked complete overlap.

For the foregoing reasons, the Parties submit that the *Grodko*/*Baker* consolidated action should be consolidated with the *Ontario* Action for all purposes.

---

[6] ECF No. 226 (referred to herein as the "Prior *Ontario* Complaint" or "*Ontario* Cmpl.").

### 2. *St. Petersburg*

The Parties request that the *St. Petersburg* action also be consolidated with the *Ontario* Action for all purposes.

The *St. Petersburg* Complaint was filed on June 21, 2019 in the U.S. District Court for the Eastern District of Pennsylvania. On August 23, 2019, four sets of movants moved to be appointed lead plaintiff. On September 13, 2019, the Defendants in the *St. Petersburg* action moved to transfer the case to this District. *See St. Petersburg*, No. 2:19-cv-02711, ECF No. 24. Following briefing, Judge Diamond ordered that the matter be transferred to this District and refrained from ruling on any lead plaintiff motion. *See St. Petersburg*, ECF No. 37 at 15-16. This Court recently denied without prejudice two motions for appointment as lead plaintiff in anticipation of Plaintiffs' and Defendants' forthcoming submission on consolidation. *St. Petersburg*, ECF No. 67.

The *St. Petersburg* action and the *Ontario* Action overlap in many ways that weigh in favor of consolidation. As Judge Diamond noted, the gravamen of the *St. Petersburg* complaint is that, from the period beginning with the end of the *Ontario* class period (August 4, 2017) through May 10, 2019, Teva misleadingly denied antitrust liability arising from the alleged generic price-fixing scheme which is the subject matter of the *Ontario* Action. *St. Petersburg*, ECF No. 37 at 10. In granting transfer to this District, Judge Diamond recognized that there was "**substantial[] overlap**" between the *Ontario* Action and the *St. Petersburg* action. *Id.* at 8 (emphasis added). He acknowledged that, while the complaints in the matters involved different class periods, the substance of the allegations was the same—"that 'Defendants engaged in a fraudulent scheme to artificially inflate [Teva's] share price,' and has consistently denied its involvement in

anticompetitive practices."  *Id.* (quoting *St. Petersburg* Cmpl. at ¶¶ 1, 2).[7]  Judge Diamond also acknowledged that "the claims in both actions are nearly identical" as both bring claims under the Exchange Act.  *Id.* at 9.  Furthermore, as noted above, the *Ontario* Plaintiffs' amended Complaint eliminates any areas in which the *St. Petersburg* Complaint and Prior *Ontario* Complaint previously lacked complete overlap.  Accordingly, the *St. Petersburg* action should be consolidated with the *Ontario* Action for all purposes.

### 3.   *Huellemeier*

The Parties request that the *Huellemeier* action also be consolidated with the *Ontario* Action for all purposes.

The *Huellemeier* Complaint was filed in the U.S. District Court for the Southern District of Ohio on July 17, 2017, asserting violations of the Securities Act and common law violations based on Teva's "alleged misrepresentations or omissions in Teva's 2014 and 2015 20-F Forms" related to Teva's alleged "price-fixing" and "fail[ure] to disclose government investigations into price-fixing."  *Huellemeier*, ECF No. 17 at 9 (Order Granting Motion to Transfer).  On November 17, 2017, Judge Susan Dlott transferred the *Huellemeier* action to this District on the basis that the *Huellemeier* complaint and the *Ontario* complaint were based on similar allegations, brought Securities Act claims, and involved overlapping class periods.  *Id.*  In short, Judge Dlott determined that the cases were similar to the extent that "**it is highly likely that there will be substantial overlap in discovery and briefing in the two cases**."  *Id.* (emphasis added).

While Mr. Huellemeier has now filed a First Amended Complaint (Nov. 1, 2019), that complaint similarly overlapped with the Prior *Ontario* Complaint, and, according to its very own

---

[7] *See also id.* at 9-10 ("Although the theories of liability in the cases differ, the factual background and subject matter remain substantially similar . . . The subject matter of both actions is premised on Teva's alleged involvement in an industry-wide price-fixing scheme").

allegations, "**_relies heavily_**" on it.  *Huellemeier*, No. 3:17-cv-01938, ECF No. 40 at ¶ 2 (emphasis added).  The *Huellemeier* class period (February 9, 2015 through November 3, 2016), *see id.* at ¶ 1, is entirely subsumed in the Prior *Ontario* Complaint's class period (February 4, 2014 through August 3, 2017), which has been extended by the amended *Ontario* Complaint.  And, the *Huellemeier* Complaint brings Securities Act claims, as does the Prior *Ontario* Complaint, based on the same securities offering—the July 2016 "Notes Offering."  *Compare Ontario* Cmpl. ¶ 384 (Securities Act claims based on July 19, 2016 "Notes Final Prospectus") *with Huellemeier* Cmpl. ¶ 318 (same).

The principal difference between the two Complaints was the definition of the class.  The Prior *Ontario* Complaint defined the class as including "all persons and entities" who purchased certain Teva securities (with certain inapplicable exceptions), *Ontario* Cmpl. ¶ 355, while *Huellemeier* defines a narrower, subsumed class "consisting of all individuals who purchased or otherwise acquired Teva ADSs pursuant to the Company's [Employee Stock Purchase Plan] during the Class Period," *Huellemeier* Cmpl. ¶ 437.  All members of the *Huellemeier* putative class are therefore members of the putative class in the *Ontario* Action.  Indeed, as Judge Dlott noted in her Order transferring the case to this District:  "Huellemeier himself falls within the class defined in the Ontario Teachers action as a person who purchased or acquired Teva shares between February 6, 2014 and August 3, 2017."  *Huellemeier*, No. 1:17-cv-00485, ECF No. 17 at 9.  Furthermore, as noted above, the *Ontario* Plaintiffs' amended Complaint eliminates any areas in which the *Huellemeier* Complaint and Prior *Ontario* Complaint previously lacked complete overlap.[8]

---

[8] The Parties note that the amended Complaint does not name as a defendant Shlomo Yanai, one of the defendants in *Huellemeier*.  Mr. Yanai ceased his employment at Teva in 2012, and was therefore not employed by Teva during the proposed class period.  Having been informed of these

13

For the foregoing reasons, the Parties agree and request that the *Huellemeier* action should be consolidated with the *Ontario* Action for all purposes.

**B.    Amendment of *Ontario* Complaint.**

As noted above, pursuant to Rule 15(a)(2) and with the consent of the Defendants, the Plaintiffs in the *Ontario* Action have just filed an amended Complaint that eliminates any differences that previously existed between the Prior *Ontario* Complaint and the Complaints in *Grodko/Baker*, *St. Petersburg*, and *Huellemeier*.[9]  Particularly in view of this recently filed Amended Complaint in *Ontario*, the Parties respectfully submit that the grant of this joint motion to consolidate will streamline the management and adjudication of all U.S. Teva-related securities class action claims.  In addition, the Parties do not seek any change to the discovery schedule to ensure that the consolidated cases will move forward forthwith.

**C.    Israeli Claims.**

The Parties have discussed whether the *Ontario* Complaint would be amended at this time to include claims based on the alleged violation of Israeli law, and they have agreed that the *Ontario* Plaintiffs would not add those allegations at this time.  Per discussion between the Teva Defendants and the parties to several of the Direct Actions, the Teva Defendants will shortly be filing motions to dismiss Israeli law claims asserted in those cases.

Currently pending in the State of Israel are two putative securities fraud class actions against Teva defendants asserting claims for violations of Israeli securities law and in connection with Teva securities traded over the Israeli securities exchange (*i.e.*, the Tel Aviv Stock Exchange).

---

facts, counsel for Mr. Huellemeier recently agreed to voluntarily dismiss all claims against Mr. Yanai.

[9] The one exception relates to claims for violations of Israeli law, which Plaintiffs did not add to the recently filed Amended Complaint in *Ontario*, by agreement of the Parties.  *See* Section II.C.

Those Israeli cases are based upon many of the same facts and circumstances that form the basis of the claims here.  Against this backdrop, the *Ontario* Plaintiffs previously chose voluntarily to withdraw their prior assertion of Israeli law claims here.

Defendants note that the Court in the *Mylan* case, to which this Court cited in its September 25 Order, dismissed the claims asserted there under Israeli law while otherwise proceeding with the adjudication of claims under U.S. securities law.  *Mylan*, 2018 WL 1595985, at *18-20 (declining to exercise supplemental jurisdiction over the Israeli law claims to avoid confronting complex issues of Israeli law, and where pending  class action litigation involving those claims in Israel presented the opportunity for potentially inconsistent results and double recoveries).  In the event that this Court were to grant Defendants' forthcoming motions to dismiss the Israeli law claims, the structure for Teva-related securities litigation in this Court would track *Mylan*:  All U.S.-law based securities claims would be litigated in the U.S.  All claims asserted under Israeli law and/or relating to securities traded over the Israeli securities exchange would be litigated in Israel, in the cases already pending there.  Defendants believe that this structure would streamline the resolution of Teva-related securities litigation in this Court.

## III.   FILING OF AMENDED COMPLAINT.

As noted above, in the interest of efficiency and in order to streamline adjudication of the *Ontario* Action, Defendants consented (*see* ECF No. 309) to Plaintiffs' filing of their Second Amended Consolidated Class Action Complaint, filed today.  (ECF No. 310).  Defendants have agreed that they will not advance at any stage of the case the arguments that Lead Plaintiff or Named Plaintiff Anchorage Police & Fire Retirement System do not have standing to advance the claims that are the subject of the amendments, or that Plaintiffs are not adequate or typical representatives for purposes of representing the class, and Defendants shall not use the fact of the amendment itself to challenge class certification.  Defendants have also agreed that the amended

complaint shall be treated identically to the Prior *Ontario* Complaint for relation back purposes, including under Fed. R. Civ. P. 15(c)(1).  Subject to the exceptions set forth in this paragraph, Defendants do not waive and expressly reserve all arguments and defenses, and Defendants may advance any argument or defense at a later stage of the case, including in support of any motion for summary judgment.  Defendants shall not move under Fed. R. Civ. P. 12 with respect to the amended complaint, and shall answer the amended complaint within 45 days of its filing, and consolidation, the amendment, or the fact that Defendants have not yet filed Answers shall not constitute grounds for any delay of these proceedings or the current schedule entered by the Court (ECF No. 298).

## IV.    CONSOLIDATION AND COORDINATION OF DIRECT ACTIONS.

Pursuant to Rule 42, this Court should consolidate the Direct Actions and enter the Parties' Proposed Order, attached hereto as Exhibit B, to streamline pretrial activity and avoid duplicative motion practice and discovery.  *See* Fed. R. Civ. P. 42(a)(2) & (3) (permitting court to consolidate actions involving common questions of law or fact and to "issue any other orders to avoid unnecessary cost or delay").

Since the passage of the PSLRA, courts within this Circuit have routinely consolidated opt-out cases with the main securities class action for judicial economy, and to avoid delays, duplicative litigation, and potentially inconsistent results.  The *WorldCom* litigation has long served as the paradigm for such consolidation.  *See In re WorldCom, Inc. Sec. Litig.*, 2002 WL 31867720, at *1 (S.D.N.Y. Dec. 23, 2002).  There, the consolidation of numerous opt-out cases was necessary to "achieve economies for the parties and the Court and to achieve substantial justice for the parties," while avoiding "unnecessary delay" and "duplicative, wasteful litigation." *WorldCom, Inc.*, 2003 WL 21219037, at *1, *3 (S.D.N.Y. May 22, 2003).

*WorldCom*'s consolidation paradigm has been widely followed, as "courts have routinely consolidated individual securities actions with class actions, given the obvious benefits in terms of efficiency and judicial economy." *Crowe v. JPMorgan Chase & Co.*, 2009 WL 3852381, at *4 (S.D.N.Y. Nov. 18, 2009) (citing *WorldCom*, 2003 WL 21219037 at *2-4); *see also Schnall v. Proshares Tr.*, 2010 WL 1962940, at *2 (S.D.N.Y. May 17, 2010); *In re Global Crossing, Ltd. Sec. Litig.*, 2004 U.S. Dist. LEXIS 23119, at *6 (S.D.N.Y. Nov. 5, 2004); *see also* Manual for Complex Litigation § 11.631 (4th ed. 2008) (class actions may be consolidated with cases brought by opt-outs or other individual plaintiffs).

Here, consolidation is plainly warranted because all of the Direct Actions involve common questions of fact and law with the *Ontario* Action:

- All allege claims under the Exchange Act;

- All assert those claims against Teva, Vigodman, Desheh, and Olafsson;

- All arise out of alleged misstatements concerning Teva's "pricing" and "competition"; and

- All involve a time period that is subsumed within the Class Period here.

Indeed, the parties in each of the Direct Actions expressly agreed that the facts and circumstances of their cases have "**substantial overlap**" with the *Ontario* Action, "including the relevance of many of the same documents and witnesses."[10]

Further, to ensure the efficient management of the Direct Actions, the Parties' Proposed Order, attached as Exhibit B, would implement a proven case management structure successfully

---

[10] *Alaska Revenue*, ECF 10 ¶3; *Pacific Funds*, ECF 12 ¶3; *Nordea*, ECF 13 ¶3; *Chicago Teachers'*, ECF 17 ¶3; *Schwab*, ECF 26 ¶3; *Harel*, ECF 14 ¶3; *Migdal Ins. Co.*, ECF 28 ¶3; *Oregon*, ECF 13 ¶3; *Migdal Mutual Funds*, ECF 27 ¶3; *Psagot*, ECF 15 ¶3; *Stichting*, ECF 12 ¶3; *Phoenix*, ECF 59 ¶3; *see also Highfields*, ECF 26 ¶3 ("similar facts and circumstances and are likely to involve many of the same documents and witnesses"); *Mivtachim*, 19-cv-674 (E.D. Pa.), ECF 22 at 1 ("substantially similar"); *Clal*, 19-cv-530 (E.D. Pa.), ECF 25 at 1 (same).

used in *Petrobras*, *WorldCom*, and other complex securities actions.  (For reference, consolidation orders successfully used in *WorldCom*, *Petrobras* and *Bear Stearns* are attached as Exhibits C, D and E hereto.)  Courts in these and other securities actions in this Circuit have regularly ordered that (i) lead counsel for the class shall perform and direct all work, including discovery, and be the sole representative of plaintiffs on all common issues; and (ii) a single representative of plaintiffs in the opt-out actions may act as their liaison in communications with defense counsel and the Court.  *See, e.g.*, Exs. C-E (*WorldCom*, *Petrobras*, and *Bear Stearns* orders defining responsibilities of lead counsel and designating liaison counsel).

Thus, under the Proposed Order, Lead Counsel would conduct all pretrial and discovery proceedings on behalf of all plaintiffs in the Direct Actions, including briefing and arguing all motions and conducting all fact and expert discovery.  The Proposed Order would also establish a single Liaison Counsel to consult with Lead Counsel, and communicate with Lead Counsel and the Court, on behalf of all plaintiffs in the Related Actions.   Liaison Counsel would confer with plaintiffs' counsel in the Direct Actions to obtain their views regarding discovery and any issues that need to be communicated to Lead Counsel and the Court, and in turn communicate with Lead Counsel regarding discovery issues, litigation strategy, and motion practice.

Among other benefits, such provisions will streamline motion practice with one set of briefing and prevent wasteful, duplicative discovery requests and prolonged depositions with questioning by multiple plaintiffs' counsel.  For example:

- Plaintiffs' counsel in the Direct Actions may not file discovery motions without leave of Court, but through Liaison Counsel will have a reasonable opportunity to request revisions to discovery motions or other discovery briefing.  Absent this provision, plaintiffs in the Direct Actions could file redundant and/or unnecessary motions.

- Plaintiffs' counsel in the Direct Actions may not separately serve discovery without leave of Court, but through Liaison Counsel may request additions

to and deletions from any discovery request drafted by Lead Counsel.  This ensures that Lead Counsel will propound all discovery on common issues.

- At depositions, should counsel in the Direct Actions request time to examine a witness through non-duplicative questions solely relevant to a Direct Action, Lead Counsel will devise and implement in good faith a process such that, through consultation with Liaison Counsel, counsel for plaintiffs in the Direct Action may ask such questions to the extent that Lead Counsel does not wish to do so.  Absent this provision, depositions would be unnecessarily prolonged through disorganized, repetitive questioning by multiple plaintiffs' counsel.

This type of "sensible structure" promotes efficiency and ensures that resources are properly allocated to litigating the merits.  *WorldCom*, 2003 WL 21219037 at *3.  It is well established that "[i]n complex cases, courts may appoint a plaintiff leadership structure to coordinate the prosecution of the litigation."  *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 288 F.R.D. 26, 43 (S.D.N.Y. 2012) (quoting *In re Bank of Am. Corp. Secs., Derivative and ERISA Litig.*, 258 F.R.D. 260, 272 (S.D.N.Y. 2009)); *see also WorldCom*, 2002 WL 21219037 at *3 (dealing with "the same issues repeatedly with the many different law firms representing plaintiffs" in individual actions would be "inefficient and costly," and "will divert resources from the merits . . . and result in unnecessary delay"); Manual for Complex Litigation § 10.221 (4th ed. 2008) (contemplating appointment of liaison counsel in complex litigation).

Indeed, plaintiffs' counsel in the Direct Actions have repeatedly participated in complex securities actions where liaison counsel structures were effectively used.  Indeed, in such cases, several plaintiffs' counsel have themselves served as either lead or liaison counsel, confirming that there is no legitimate reason to oppose this established and efficient structure.  *See* Ex. D at 6 (in

*Petrobras*, Pomerantz[11] served as lead counsel; Kessler Topaz[12] was liaison counsel); *In re BP plc Sec. Litig.*, No. 4:10-md-2185, ECF No. 721 (Dec. 11, 2013) (Pomerantz[13] was liaison counsel).

In sum, the Direct Actions should be consolidated, and the Parties' Proposed Order requiring the designation of Liaison Counsel reflects an efficient and routinely adopted approach to managing complex, consolidated securities litigation. Granting this joint motion will ensure that all Teva-related securities litigation proceeds expeditiously, with minimum waste and duplication of effort by the parties and the Court.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs and Defendants jointly move the Court for the entry of an Order, in the form included herewith as Exhibit A, consolidating the *Grodko*/*Baker*, *St. Petersburg*, and *Huellemeier* putative class actions with the *Ontario* Action. Further, Plaintiffs and Defendants jointly move the Court for the entry of an Order, in the form included herewith as Exhibit B, consolidating the Direct Actions with the *Ontario* Action for pretrial purposes and further providing for the efficient coordination of the Direct Actions with this Action.

---

[11] Pomerantz represents the plaintiffs in *Mivtachim The Workers Social Ins. Fund Ltd. v. Teva Pharm. Indus. Ltd.*, 19-cv-513-SRU; *Clal Ins. Co. Ltd. v. Teva Pharm. Indus. Ltd.*, 19-cv-543-SRU; *Migdal Insu. Co. v. Teva Pharm. Indus. Ltd.*, 19-cv-655-SRU; *Migdal Mutual Funds, Ltd. v. Teva Pharm. Indus. Ltd.*, 19-cv-923-SRU and *Psagot Mutual Funds, Ltd. and Psagot Provident Funds & Pension Ltd. v. Teva Pharma. Indus. Ltd.*, 19-cv-1167-SRU.

[12] Kessler Topaz represents the plaintiffs in *Nordea Investment Mgmt. AB v. Teva Pharma. Indus. Ltd.*, 18-cv-1681-SRU and *State of Alaska Dept. of Rev., Treasury Div. v. Teva Pharma. Indus. Ltd.*, 18 cv-1721-SRU.

[13] See *supra* at n.11.

PLAINTIFFS ONTARIO TEACHERS'
PENSION PLAN BOARD, and
ANCHORAGE POLICE & FIRE
RETIREMENT SYSTEM

/s/ Joseph Fonti
Joseph Fonti (admitted *pro hac vice*)
Javier Bleichmar (admitted *pro hac vice*)
Evan A. Kubota (admitted *pro hac vice*)
Thayne Stoddard (admitted *pro hac vice*)
**BLEICHMAR FONTI & AULD LLP**
7 Times Square, 27th Floor
New York, NY 10036
Telephone: (212) 789-1340
Facsimile: (212) 205-3960
jfonti@bfalaw.com
jbleichmar@bfalaw.com
ekubota@bfalaw.com
tstoddard@bfalaw.com

*Counsel for Lead Plaintiff*
*Ontario Teachers' Pension Plan Board, and*
*for Named Plaintiff Anchorage Police & Fire*
*Retirement System, and Lead Counsel for the*
*Class*

Marc J. Kurzman (ct01545)
Christopher J. Rooney (ct04027)
**CARMODY TORRANCE**
**SANDAK & HENNESSEY LLP**
707 Summer Street, Suite 300
Stamford, CT 06901
Telephone: (203) 252-2680
Facsimile: (203) 325-8608
mkurzman@carmodylaw.com
crooney@carmodylaw.com

*Local Counsel for Lead Plaintiff*
*Ontario Teachers' Pension Plan Board, and*
*for Named Plaintiff Anchorage Police & Fire*
*Retirement System*

DEFENDANTS TEVA
PHARMACEUTICAL INDUSTRIES LTD.;
EREZ VIGODMAN; EYAL DESHEH;
SIGURDUR OLAFSSON; DEBORAH
GRIFFIN; KÅRE SCHULTZ; MICHAEL
MCCLELLAN; YITZHAK PETERBURG;
and TEVA PHARMACEUTICAL FINANCE
NETHERLANDS III B.V.

/s/ Jill M. O'Toole
Jill M. O'Toole (ct27116)
**SHIPMAN & GOODWIN LLP**
One Constitution Plaza
Hartford, Connecticut 06103-1919
Tel.: (860) 251-5000
Fax: (860) 251-5218
Email: jotoole@goodwin.com

*Counsel for Defendants Teva*
*Pharmaceutical Industries Limited, Erez*
*Vigodman and Eyal Desheh*

- and -

Jordan D. Hershman (admitted *pro hac vice*)
Jason D. Frank (admitted *pro hac vice*)
Emily E. Renshaw (admitted *pro hac vice*)
**MORGAN, LEWIS & BOCKIUS LLP**
One Federal Street, Boston, MA 02110
Tel: (617) 951-8455
Fax: (617) 951-8736
jordan.hershman@morganlewis.com
jason.frank@morganlewis.com
emily.renshaw@morganlewis.com

*Counsel for Defendants*

**EXHIBIT A**

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ONTARIO TEACHERS' PENSION PLAN BOARD, Individually and as Lead Plaintiff on behalf of all others similarly situated; and | : | No. 3:17-cv-00558 (SRU) |
| ANCHORAGE POLICE & FIRE RETIREMENT SYSTEM, Individually and as Named Plaintiff on behalf of all similarly-situated bond purchasers, | : | Class Action |
| Plaintiffs, | : | |
| v. | : | |
| TEVA PHARMACEUTICAL INDUSTRIES LTD.; EREZ VIGODMAN; EYAL DESHEH; SIGURDUR OLAFSSON; DEBORAH GRIFFIN; KÅRE SCHULTZ; MICHAEL MCCLELLAN; YITZHAK PETERBURG; AND TEVA PHARMACEUTICAL FINANCE NETHERLANDS III B.V., | : | December 13, 2019 |
| Defendants. | : | |

## [PROPOSED] ORDER REGARDING CONSOLIDATION OF RELATED CLASS ACTIONS AND SECOND AMENDED CONSOLIDATED COMPLAINT

### I.    CONSOLIDATION

1.    This Order shall apply to (1) the putative class actions consolidated for all purposes by the Court's Order dated May 3, 2017 (ECF No. 120) under the caption *Ontario Teachers' Pension Plan Board v. Teva Pharmaceutical Indus. Ltd., et al.*, No. 3:17-cv-00558 (SRU) (D. Conn.) (the "*Ontario* Action"), (2) each of the three later-filed related putative class actions pending in this Court (the "Later-Filed Class Actions"),[1] and (3) any putative class action which

---

[1] The Later-Filed Class Actions are *Grodko v. Teva Pharmaceutical Industries Ltd.*, 18-cv-800-SRU; *Huellemeier v. Teva Pharmaceutical Industries Ltd.*, 3:17-cv-1938-SRU ("*Huellemeier*"); and *Employees' Ret. Sys. of St. Petersburg v. Teva Pharmaceutical Industries Ltd.*, 3:19-cv-1768-SRU ("*St. Petersburg*").

relates to the same subject matter as any of the foregoing actions that is subsequently filed in, or transferred to, this Court and assigned to the undersigned (together with the Later-Filed Class Actions, the "Related Actions"). A party who has the right to object to the consolidation of any such subsequently filed or transferred case, or to any provision of this Order, must serve an application for relief from this Order or from any of its provisions within seven days after the date on which defense counsel mails or emails a copy of this Order to counsel for that party. The provisions of this Order shall apply to any such action pending the Court's ruling on the application.

2.      For purposes of this Order, the *Ontario* Action and the Related Actions are collectively referred to as the "Consolidated Securities Litigation." Except as otherwise provided in an order, any order entered in the *Ontario* Action is deemed entered in all the actions constituting the Consolidated Securities Litigation.

3.      Pursuant to Local Rule 42(a), the docket for the *Ontario* Action shall be the "master docket," and all papers hereafter filed in the Consolidated Securities Litigation shall be filed on the docket and under the caption for the *Ontario* Action.

4.      Pursuant to Fed. R. Civ. P. 42(a), the Later-Filed Class Actions are consolidated with the *Ontario* Action for all purposes.

## II.      DUTIES OF COUNSEL

5.      On July 11, 2017, the Court appointed Bleichmar Fonti & Auld LLP as Lead Counsel in the *Ontario* Action ("Lead Counsel"). ECF No. 124. Lead Counsel shall conduct all proceedings in the Consolidated Securities Litigation, including trial.

## III.      AMENDMENT OF COMPLAINT

6.      Defendants have consented to Plaintiffs in the *Ontario* Action amending the prior Complaint (ECF No. 226) by filing a Second Amended Consolidated Class Action Complaint on

December 13, 2019 (the "SAC").  In connection with the SAC, Plaintiffs and Defendants have agreed, and the Court now orders, the following:

7.      Defendants will not advance at any stage of the case the arguments that Lead Plaintiff Ontario Teachers' Pension Plan Board or Named Plaintiff Anchorage Police & Fire Retirement System (together, "Plaintiffs") do not have standing to advance the claims that are the subject of the amendments, or that Plaintiffs are not adequate or typical representatives for purposes of representing the class, and Defendants shall not use the fact of the amendment itself to challenge class certification.

8.      The SAC shall be treated identically to the prior Amended Consolidated Class Action Complaint for relation back purposes, including under Fed. R. Civ. P. 15(c)(1).

9.      Defendants shall not move under Fed. R. Civ. P. 12 with respect to the SAC, and shall answer the SAC within forty-five (45) days of its filing, and consolidation, the amendment, or the fact that Defendants have not yet filed Answers shall not constitute grounds for any delay of these proceedings or the current schedule entered by the Court (ECF No. 298).

10.     Subject to the exceptions set forth in Paragraph 7, 8 and 9, above, Defendants have not waived and have expressly reserved all arguments and defenses, and Defendants may advance any argument or defense at a later stage of the case, including in support of any motion for summary judgment.

11.     Defendants shall not be required to file Answers to the Complaints in *Grodko*, *Huellemeier*, or *St. Petersburg.*

**SO ORDERED:**

Dated:  Bridgeport, CT
_____, 2019                          _____
                                           Stefan R. Underhill
                                           United States District Judge

**EXHIBIT B**

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| ONTARIO TEACHERS' PENSION PLAN BOARD, Individually and as Lead Plaintiff on behalf of all others similarly situated; and | No. 3:17-cv-00558 (SRU) |
| ANCHORAGE POLICE & FIRE RETIREMENT SYSTEM, Individually and as Named Plaintiff on behalf of all similarly-situated bond purchasers, | Class Action |
| Plaintiffs, | |
| v. | |
| TEVA PHARMACEUTICAL INDUSTRIES LTD.; EREZ VIGODMAN; EYAL DESHEH; SIGURDUR OLAFSSON; DEBORAH GRIFFIN; KÅRE SCHULTZ; MICHAEL MCCLELLAN; YITZHAK PERERBURG; AND TEVA PHARMACEUTICAL FINANCE NETHERLANDS III B.V., | December 13, 2019 |
| Defendants. | |

## [PROPOSED] ORDER REGARDING PRE-TRIAL CONSOLIDATION OF RELATED DIRECT ACTIONS

### I.    CONSOLIDATION

1.      This Order shall apply to (1) all class actions consolidated for all purposes under the caption *Ontario Teachers' Pension Plan Board v. Teva Pharmaceutical Indus. Ltd., et al.*, No. 3:17-cv-00558 (SRU) (D. Conn.), including the class actions consolidated by the Court's Order dated May 3, 2017 (ECF 120) (the "*Ontario* Action"), (2) fifteen individual actions pending in this Court (the "Direct Actions"),[1] and (3) any case which relates to the same subject matter as any of

---

[1] *Nordea Investment Mgmt. AB v. Teva Pharma. Indus. Ltd.*, 18-cv-1681-SRU; *State of Alaska Dept. of Rev., Treasury Div. v. Teva Pharma. Indus. Ltd.*, 18 cv-1721-SRU; *Pacific Funds Series Trust & Pacific Select Fund v. Teva Pharma. Indus. Ltd.*, 18 cv-1956-SRU; *Pub. School Teachers' Pension and Ret. Fund of Chicago v. Teva Pharma. Indus. Ltd.*, 19-cv-175-SRU; *Schwab Capital Tr. and Schwab Strategic Tr. v. Teva Pharma. Indus. Ltd.*, 19-cv-192-SRU; *The Phoenix Insurance Co., Ltd. v. Teva Pharma. Indus. Ltd.*, 19-cv-449-SRU; *Mivtachim The Workers Social Ins. Fund Ltd. v. Teva Pharma. Indus. Ltd.*, 19-cv-513-SRU; *Clal Ins. Co. Ltd. v. Teva Pharma. Indus. Ltd.*,

the foregoing actions that is subsequently filed in, or transferred to, this Court and assigned to the undersigned (together with the Direct Actions, the "Related Actions"). A party who has the right to object to the consolidation of any such subsequently filed or transferred case, or to any provision of this Order, must serve an application for relief from this Order or from any of its provisions within seven days after the date on which defense counsel mails or emails a copy of this Order to counsel for that party. The provisions of this Order shall apply to any such action pending the Court's ruling on the application.

2.     For purposes of this Order, the *Ontario* Action and the Related Actions are collectively referred to as the "Consolidated Securities Litigation." Except as otherwise provided in an order, any order entered in the *Ontario* Action is deemed entered in all the actions constituting the Consolidated Securities Litigation.

3.     Pursuant to Local Rule 42(a), the docket for the *Ontario* Action shall be the "master docket," and all papers hereafter filed in the Consolidated Securities Litigation shall be filed on the docket and under the caption for the *Ontario* Action.

4.     Pursuant to Fed. R. Civ. P. 42(a), the Direct Actions are consolidated with the *Ontario* Action for pre-trial purposes.

5.     The plaintiffs in each of the Direct Actions shall either designate their present complaint as operative or file an amended complaint within thirty (30) days of the Court's entry of this Order. The designated or amended complaints shall conform to the Court's September 25

---

19-cv-543-SRU; *Highfields Capital I LP v. Teva Pharma. Indus. Ltd.*, 19-cv-603-SRU; *Migdal Insurance Co. Ltd. v. Teva Pharma. Indus. Ltd.*, 19-cv-655-SRU; *Harel Pension and Provident Ltd. v. Teva Pharma. Indus. Ltd.*, 19-cv-656-SRU; *State of Oregon v. Teva Pharma. Indus. Ltd.*, 19-cv-657-SRU; *Migdal Mutual Funds, Ltd. v. Teva Pharma. Indus. Ltd.*, 19-cv-923-SRU; *Psagot Mutual Funds, Ltd. and Psagot Provident Funds & Pension Ltd. v. Teva Pharma. Indus. Ltd.*, 19-cv-1167-SRU; and *Stichting PGGM Depositary and Stichting Pensioenfonds Zorg En Welzijn v. Teva Pharma. Indus. Ltd.*, 19-cv-1173-SRU.

Order, ECF No. 283 in the *Ontario* Action.  Defendants agree not to oppose the filing of any such amended complaint, but in so doing do not waive and instead expressly reserve any and all arguments and defenses Defendants may have to claims asserted in any designated or amended complaint.

6. Within thirty (30) days of the filing of an amended complaint or designation of an operative complaint, Defendants may move to dismiss any complaint in whole or in part with respect to:  (a) Israeli law claims; or (b) statutes of limitations or repose.  To the extent any Defendant files a motion to dismiss on the foregoing bases, Plaintiff shall file an opposition, if any, within thirty (30) days of the filing of the motion to dismiss.  Any reply shall be due within thirty (30) days of the filing of any opposition.

7. Motions to dismiss on any other ground and all answers shall be held in abeyance until 180 days after the Court adjudicates the Israeli law and statutes of limitations and repose issues in all of the Direct Actions, or such other date as the Court may order, at which point all Defendants shall answer or otherwise respond to the operative complaints in the Direct Actions.

## II.   DISCOVERY

8. Ontario *Action CMO Adopted.*  The discovery schedule set forth in the Civil Case Management Order in the *Ontario* Action, ECF No. 298, shall apply to all Related Actions.

9. *Discovery in the* Ontario *Action Applicable to the Direct Actions.*  All discovery in the *Ontario* Action will be deemed discovered in all of the Direct Actions, including non-party discovery to the extent the non-party agrees.  Subject to the limitations set forth below, all documents and written discovery produced by any Defendant and/or non-party in the *Ontario* Action shall be made available to counsel for each plaintiff in the Direct Actions.

10. *Excluded Discovery.*  Excluded from the foregoing paragraph is any discovery (1) produced by current or former employees or agents of Lead Plaintiffs or Class Representatives

in the *Ontario* Action; and (2) solely and directly related to the investment decisions, standing, typicality, or adequacy of representation of the Lead Plaintiffs or Class Representatives in the *Ontario* Action.

11.     *Requests for Production of Documents and Document Subpoenas.*  Requests for production of documents served on Defendants in the *Ontario* Action will be deemed served on the Defendants for purposes of the Direct Actions.  Likewise, document subpoenas served on non-parties in the *Ontario* Action shall be deemed served on non-parties for purposes of the Direct Actions.  The Parties agree that Defendants' objections and responses to such requests for production or document subpoenas served in the *Ontario* Action shall likewise be deemed served in the Direct Actions.  Plaintiffs in the Direct Actions shall not serve additional requests for the production of documents or document subpoenas.

12.     *Interrogatories.*  Interrogatories served on Defendants in the *Ontario* Action shall be deemed served on Defendants in the Direct Actions.  Likewise, Defendants' objections and responses to interrogatories in the *Ontario* Action are deemed objections and responses in the Direct Actions.  Plaintiffs in the Direct Actions shall not serve additional interrogatories.

13.     *Requests for Admission.*  Requests for admission served on Defendants in the *Ontario* Action shall be deemed served on Defendants in the Direct Actions.  Likewise, Defendants' objections and responses to requests for admission in the *Ontario* Action are deemed objections and responses in the Direct Actions.  Plaintiffs in the Direct Actions shall not serve additional requests for admission.

14.     *Depositions.*  Depositions taken in the *Ontario* Action shall be deemed taken in the Direct Actions.

15.     *Protective Order.*  The Parties will coordinate regarding the filing of a proposed modified protective order in the *Ontario* Action and any such modified protective order entered hereafter in the *Ontario* Action shall be equally applicable to the Direct Actions.

## III.     DUTIES OF COUNSEL IN DISCOVERY AND PRE-TRIAL PROCEEDINGS

16.     On July 11, 2017, the Court appointed Bleichmar Fonti & Auld LLP as Lead Counsel in the *Ontario* Action ("Lead Counsel").  ECF No. 124.  Except as noted below, Lead Counsel shall conduct all pre-trial and discovery proceedings on behalf of all plaintiffs in the Direct Actions.  Lead Counsel shall have the following responsibilities with respect to discovery in the *Ontario* Action and the Direct Actions:

17.     *Discovery Motions.*  Lead Counsel shall brief and argue discovery motions in consultation with Liaison Counsel (as defined below).  Lead Counsel shall agree upon a procedure that will give plaintiffs in the Direct Actions a reasonable opportunity to request revisions to discovery motions or other discovery briefing drafted by Lead Counsel.  Should counsel for any of the plaintiffs in any of the Direct Actions believe that his or her views are not being appropriately incorporated into the discovery process, such counsel may request the Court's intervention.  Counsel for plaintiffs in the Direct Actions shall not separately file a discovery motion without prior leave of Court.

18.     *Conduct of Discovery.*  Discovery in the Direct Actions shall be conducted by Lead Counsel in consultation with Liaison Counsel.  Lead Counsel shall agree upon a procedure that will give plaintiffs' counsel in the Direct Actions a reasonable opportunity to request additions to and deletions from any discovery request crafted by Lead Counsel.  Should counsel for any of the plaintiffs in any of the Direct Actions believe that his or her views are not being appropriately incorporated into the discovery process, such counsel may request the Court's intervention.

Counsel for plaintiffs in the Direct Actions shall not separately serve discovery without prior leave of Court.

19.  *Pre-Trial Conferences.*  Lead Counsel shall speak on behalf of plaintiffs in the Direct Actions at any pretrial conference except as to matters pertaining solely to one or more Direct Action, in which case Liaison Counsel or counsel for the plaintiffs in such Direct Action may address the issue with the Court.

20.  *Experts.*  Nothing in this Order precludes the plaintiffs in the Direct Actions from employing and consulting with their own experts.

21.  *Maintain Records.*  Lead Counsel shall maintain a complete electronic file of all papers and discovery materials filed or generated in the *Ontario* Action which shall be available to all counsel for plaintiffs in the Direct Actions via secure web-based access to an online document repository, provided that plaintiffs and their counsel in the Direct Actions have become signatories to all confidentiality agreements in place for such discovery and bear all duplication expenses.

22.  *Stipulations.*  Lead Counsel shall circulate and discuss with Liaison Counsel any stipulated proposals.

23.  *Consultation Duties.*  Lead Counsel shall keep counsel for all plaintiffs in the Direct Actions informed about discovery matters and other issues and proceedings of common interest. Lead Counsel shall consult with Liaison Counsel to obtain the views of plaintiffs' counsel on proposed document requests, interrogatories, requests for admissions, depositions, and litigation strategy, and incorporate those views where it is reasonably appropriate to do so, including with respect to particular discovery items.

24.  *Depositions.*  Lead Counsel shall, on behalf of plaintiffs, schedule and conduct all depositions.  Should any counsel in the Direct Actions request time to examine a witness through

non-duplicative questions solely relevant to a Direct Action, Lead Counsel shall devise and implement in good faith a process such that, through consultation with Liaison Counsel, counsel for plaintiffs in the Direct Action may ask such questions to the extent that Lead Counsel does not wish to do so.  If counsel for the plaintiff in any of the Direct Actions requests time to examine a witness through such questions, then counsel for plaintiffs in all Direct Actions collectively shall allocate among themselves a reasonable amount of time and a fair opportunity within which to do so.  Nothing in this Order shall preclude counsel for any plaintiff in the Direct Actions from attending any deposition and (as set forth herein) examining witnesses at any deposition, provided that such examination is non-duplicative and solely relevant to a Direct Action, and follows consultation with Lead Counsel and Liaison Counsel.  No witness may be deposed more than once without prior leave of Court.

## IV.    APPOINTMENT AND DUTIES OF LIAISON COUNSEL

25.    Counsel for plaintiffs in the Direct Actions shall meet and confer for purposes of selecting a single law firm to serve as Liaison Counsel, and shall file with this Court on or before January 10, 2020, a notice designating Liaison Counsel.

26.    Liaison Counsel shall have the following responsibilities:

27.    *Distribution Duties.*  Liaison Counsel shall distribute to all plaintiffs' counsel in the Direct Actions those materials that they need to review in order to form and communicate their views regarding discovery, motion practice, and settlement.

28.    *Coordination Duties.*  Liaison Counsel shall confer with plaintiffs' counsel in the Direct Actions to obtain their views regarding discovery and any issues that need to be communicated to Lead Counsel and the Court.  Liaison Counsel shall communicate with Lead Counsel regarding discovery issues, litigation strategy, and motion practice.

7

29.    *Communications with the Court.*  Where issues pertain to one or more Direct Actions, but not to the *Ontario* Action, Liaison Counsel shall communicate with the Court regarding any issues relating only to the Direct Actions.  Nothing in this Order shall preclude a plaintiff in any of the Direct Actions from communicating with the Court regarding issues unique to it.

30.    *Sufficiency of Communication.*  For purposes of pre-trial proceedings in the Direct Actions, any party's or the Court's communication with Liaison Counsel shall be sufficient communication with all plaintiffs in the Direct Actions.

## V.    PRIVILEGE

31.    Cooperation by and among counsel is essential for the orderly and expeditious resolution of this litigation.  Accordingly, the communication of information among and between plaintiffs' counsel shall not be deemed a waiver of the attorney-client privilege or the work product protection.  Likewise, the communication of information by and among defendants' counsel shall not be deemed a waiver of the attorney-client privilege or the work product protection.

**SO ORDERED:**

Dated:  Bridgeport, CT
_____, 2019                          _____
                                            Stefan R. Underhill
                                            United States District Judge

# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
IN RE WORLDCOM, INC. SECURITIES         :        MASTER FILE
LITIGATION                              :     02 Civ. 3288 (DLC)
                                        :
This Document Relates to:               :     MEMORANDUM OPINION &
                                        :            ORDER
ALL ACTIONS                             :
                                        :
                                        :
----------------------------------------X


DENISE COTE, District Judge:

      On May 22, 2003, the Court circulated a draft Consolidation

Order in this securities litigation, and requested proposed

revisions.  Having received and reviewed the comments of counsel,

the attached Order is issued.

      Counsel for plaintiffs in the class action did not have

substantive revisions to suggest for the Order.  Counsel for the

defendants suggested two additions, which have been added.

Liaison Counsel for the actions making individual as opposed to

class claims ("Individual Actions") provided the views of four

sets of Individual Actions.  Two - the New York City Pension

Funds and SunTrust Bank and Trusco Capital Management, Inc. -

have no proposed revisions.

      Two sets of Individual Actions did have objections and, in

one instance, a request.  The pension funds represented by

Milberg Weiss Bershad Hynes & Lerach ("Milberg Weiss Actions")

generally object to the proposed order and to several specific

provisions of the order, including those which empower Lead

Counsel in the securities class action to conduct pretrial proceedings on behalf of all of the cases and which require plaintiffs' counsel in the Individual Actions to communicate with the Court through Liaison Counsel. The Ohio Pension Funds object generally to the order and make one request for a revision, which has been adopted in substance. The Ohio Pension Funds also ask that the restrictions on their right to communicate directly with defense counsel and Lead Counsel be lifted, and that the Court revisit the issue of such direct communications if it becomes a problem in the future.

The Opinion of May 22, 2003 explained the reasons for the issuance of this Order. Repetitive submissions and communications have already become a problem in this action and a drain on the resources of Court and counsel. They divert energy from the pursuit of the merits of the litigation, cause delay, and waste financial resources which should be preserved for the litigants.

There are several provisions in the Order which allow any party whose views need to be heard to communicate those views directly to the Court, and if appropriate to Lead Counsel and defense counsel. Of particular importance in this regard, Paragraph 18 permits any attorney to seek relief from the restrictions in the Order upon a showing of good cause. Paragraph 23 provides that nothing in the Order may be construed to diminish the right of any party to be heard by the Court on matters that are not susceptible to common action or as to which

2

there is a genuine disagreement among counsel.  Should one or
more Individual Actions identify any discovery or motion practice
that is not duplicative, they will have an opportunity to pursue
the discovery and motion practice.


SO ORDERED:

Dated:     New York, New York
           May 28, 2003


                         _____
                                    DENISE COTE
                         United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
IN RE WORLDCOM, INC. SECURITIES         :          MASTER FILE
LITIGATION                              :      02 Civ. 3288 (DLC)
                                        :
This Document Relates to:               :      CONSOLIDATION ORDER
                                        :
ALL ACTIONS                             :
                                        :
                                        :
----------------------------------------X

DENISE COTE, District Judge:

    On August 15, 2002, the Court entered an Order consolidating securities class actions filed against WorldCom, Inc. ("WorldCom") and those associated with it ("August 15 Order"). The August 15 Order applied and continues to apply to any securities class action filed in or transferred to this Court and assigned to the undersigned which relates to the same subject matter as the actions consolidated by the August 15 Order. The securities class actions were consolidated under the caption In re WorldCom, Inc. Securities Litigation and are referred to as the "Securities Litigation". The August 15 Order appointed the New York State Common Retirement Fund as lead plaintiff for the Securities Litigation. Bernstein Litowitz Berger & Grossmann LLP and Barrack Rodos & Bacine were selected as co-Lead Counsel for the Securities Litigation ("Lead Counsel").

    Lawsuits against WorldCom and/or individuals and entities on account of their connections to WorldCom that allege individual, rather than class, claims have also been assigned to this Court

1

and are referred to as the "Individual Actions."  By Order dated
December 23, 2003 ("December 23 Order"), this Court found that
the Individual Actions and the securities class actions involved
common questions of law and fact, and that consolidation of these
actions for pretrial proceedings was necessary.  The Order
provided that the defendants would have no obligation to move,
answer, or otherwise respond to the complaints in any of the
Individual Actions until a separate scheduling order addressing
those obligations was issued.  The December 23 Order also
provided, <u>inter alia</u>, that after a decision was issued on the
motion to remand made by New York City Employees' Retirement
System ("NYCERS"), in which forty-one Individual Actions
represented by Milberg Weiss Bershad Hynes & Lerach LLP were
given permission to intervene, Lead Counsel and counsel for
plaintiffs in any Individual Action would be invited to present a
proposed order for consolidation of the class actions and the
Individual Actions for pretrial purposes.

Having received various submissions from counsel regarding
the proposed consolidation, and for the reasons set forth in the
Opinion of May 22, 2003, it is hereby

ORDERED as follows:

I. CONSOLIDATION AND STAY

1.  The Individual Actions are consolidated for pre-trial
purposes with the <u>Securities Litigation</u> pursuant to Rule 42(a),
Fed. R. Civ. P.

2

2.  No action taken hereunder shall have the effect of making any person, firm or corporation a party to any action in which the person or entity has not been named, served, or added as such in accordance with the Federal Rules of Civil Procedure.

3.  Any Individual Action presently assigned to this Court may file an amended complaint by July 11, 2003.  Any Individual Action transferred hereafter to this Court shall have the later of July 11, 2003, or twenty-one days following arrival on this Court's docket to file an amended complaint.  No further amendments of any complaint in an Individual Action will be permitted without permission of the Court.

4.  The requirement that any defendant named and served in an Individual Action must move, answer or otherwise respond in that action is stayed.  If circumstances necessitate action by any Individual Action plaintiff or defendant to protect interests unique to such Individual Action plaintiff or defendant, such plaintiff or defendant may seek relief from the stay by appropriate motion.  All defenses of any defendant named and served in an Individual Action, including but not limited to defenses based on lack of personal jurisdiction or lack of subject matter jurisdiction, are hereby preserved.

II. MASTER DOCKET AND SEPARATE ACTION DOCKETS

5.  A Master Docket, No. 02 Civ. 3288, was established by the August 15 Order for the consolidated proceedings in the Securities Litigation and any other actions subsequently consolidated with them either for all purposes or for pretrial

3

purposes.  The actions being consolidated by this Order,
including but not limited to the previously consolidated
Securities Litigation and the Individual Actions, are hereafter
referred to as the "Consolidated Actions."  Entries in said
Master Docket shall be applicable to the Consolidated Actions,
and entries shall be made therein in accordance with the regular
procedures of the Clerk of this Court, except as modified by this
Order.

6.  When a pleading or paper is filed and the caption,
pursuant to this Order, shows that it is applicable to "All
Actions," the Clerk shall file such pleading in the Master File
and note such filing in the Master Docket.  No further copies
need be filed nor other docket entries made.

7.  When a pleading or paper is filed and the caption shows
that it is applicable to less than All Actions, the Clerk shall
file the original of the paper in the Master File and a copy in
the file of each separate action to which it applies and shall
note such filing in the Master Docket and in the docket of each
such separate action.  The party filing such paper shall supply
the Clerk with sufficient copies of any paper to permit
compliance with this paragraph.

### III.  NEWLY FILED OR TRANSFERRED ACTIONS

8.  When an action that relates to the same subject matter
as the Consolidated Actions is hereafter filed in or transferred
to this Court and assigned to the undersigned, it shall be
consolidated with these actions in the same manner as the cases

4

identified in Section I above (provided that any case transferred to this Court solely for pretrial proceedings shall be consolidated only to that extent, absent further order of this Court), except as provided below, and the Clerk of Court shall:

> (a)  File a copy of this Order in the separate file for such action; and

> (b)  Make an appropriate entry in the Master Docket.

9.  Any defendant who has notice of the filing in or transfer to this Court of a related case shall

> (a)  Mail a copy of this Order to the attorneys for the plaintiff(s) in the newly filed or transferred case; and

> (b)  File a notice of service of this Order with the Clerk of Court to be docketed and filed in the Master File.

10.  The Court requests the assistance of counsel in calling to the attention of the Clerk the filing or transfer of any case which might be consolidated with these actions.

IV.  APPLICATION OF THIS ORDER TO PENDING AND SUBSEQUENT CASES

11.  This Order shall apply to each of the actions consolidated by the August 15 Order and to each of the Individual Actions.  This Order shall apply to each such case that is subsequently filed in or transferred to this Court and assigned to the undersigned, unless a party objecting to the consolidation of that case or to any other provision of this Order serves an application for relief from this Order or from any of its

provisions within ten (10) days after the date on which defense
counsel mails a copy of this Order to counsel for that party.
The provisions of this Order shall apply to such action pending
the Court's ruling on the application.

## V.  CAPTIONS

12.  Every pleading filed in the Consolidated Actions, and
in any separate action included therein, shall bear the following
caption:

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
IN RE WORLDCOM, INC. SECURITIES         :        MASTER FILE
LITIGATION                              :     02 Civ. 3288 (DLC)
                                        :
This Document Relates to:               :
                                        :
ALL ACTIONS                             :
                                        :
                                        :
----------------------------------------X
```

## VI. DUTIES OF COUNSEL

13.  Lead Counsel shall have the following responsibilities:

      a.   Sign any consolidated class action complaint,
motions, briefs, discovery requests, objections,
or notices on behalf of all plaintiffs or those
plaintiffs filing the particular papers.

      b.   Conduct all pretrial proceedings on behalf of
plaintiffs.

      c.   Brief and argue motions.

      d.   Initiate and conduct discovery.

e.    Speak on behalf of plaintiffs at any pretrial conference.

f.    Employ and consult with experts.

g.    Conduct settlement negotiations with defense counsel on behalf of class action plaintiffs.

h.    Call meetings of plaintiffs' counsel.

i.    Distribute to all plaintiffs' counsel copies of all notices, orders, and decisions of the Court; maintain an up-to-date list of counsel available to all plaintiffs' counsel on request; keep a complete file of all papers and discovery materials filed or generated in the Consolidated Actions which shall be available to all plaintiffs' counsel at reasonable hours

> (1)    provided that plaintiffs and their counsel in the Consolidated Actions become signatories to all confidentiality agreements in place for such discovery and bear all duplication expenses.

> (2)    The obligation of Lead Counsel to disseminate copies of orders, pleadings and other filings to counsel for plaintiffs in the Consolidated Actions shall be satisfied by prompt posting of such documents on the web-site

7

maintained by Lead Counsel,

<www.worldcomlitigation.com>.

j.  Keep Liaison Counsel informed about discovery
    matters and other issues and proceedings of common
    interest in the Securities Litigation and the
    Individual Actions.

k.  Consult with Liaison Counsel to obtain the views
    of plaintiffs' counsel in the Individual Actions
    on proposed document requests, interrogatories,
    requests for admissions, depositions, and
    litigation strategy, and incorporate those views
    wherever it is appropriate to do so.

l.  Should any counsel in the Individual Actions
    identify in connection with a deposition being
    taken by Lead Counsel any discovery that is unique
    to one or more of the Individual Actions, Lead
    Counsel shall devise a process through
    consultation with Liaison Counsel to permit an
    attorney from the Individual Actions to
    participate in the taking of each such deposition.

VII.   APPOINTMENT OF LIAISON COUNSEL

14.   Lowey Dannenberg Bemporad & Selinger, P.C., co-counsel for NYCERS, is designated as Liaison Counsel for the Individual Actions.

15.   Liaison Counsel shall have the following responsibilities:

     a.   Distribute to all counsel in the Individual Actions those materials that they need to review to form and to communicate their views regarding discovery, motion practice and settlement.

     b.   Confer with all counsel in the Individual Actions to obtain their views regarding discovery and any issues that need to be communicated to Lead Counsel or to the Court.

     c.   Communicate with Lead Counsel regarding any discovery that plaintiffs in the Individual Actions wish to take and regarding litigation strategy and motion practice.

     d.   Communicate with the Court regarding any issue common to the Individual Actions.

     e.   Coordinate the taking of any discovery that the Court has authorized that is unique to the Individual Actions.

VIII. SERVICE

16.   Service by defendants of pleadings and all other papers on Lead Counsel and Liaison Counsel shall be deemed sufficient

9

service in the <u>Securities Litigation</u> and Individual Actions.  Any
pleadings or other papers so served shall also be served on Lead
Counsel in the action entitled <u>In re WorldCom, Inc. ERISA</u>
<u>Litigation</u>.

## IX.  RESTRICTIONS

17.  No attorney for any plaintiff in an Individual Action
may contact defense counsel regarding discovery without the
consent of Lead Counsel or, in the absence of such permission,
leave of the Court.  No attorney for any plaintiff in an
Individual Action other than Liaison Counsel may contact Lead
Counsel regarding discovery without being advised by Liaison
Counsel that Lead Counsel has consented to the contact, or in the
absence of such consent, leave of the Court.

18.  Counsel may seek relief from these restrictions and
from any of the provisions of this Order by application to the
Court upon a showing of good cause.  A showing of good cause
regarding discovery issues includes a showing that the discovery
issue is unique to an Individual Action.

## X.  FUTURE ORDERS

19.  All parties are required to check the Court's website
on a daily basis in order to obtain notice of any further orders
issued by the Court with respect to the <u>Securities Litigation</u> and
the Individual Actions.  The Court's website is available at
<www.nysd.uscourts.gov> through the "CourtWeb" icon.  Orders may
be found by entering the name "WorldCom" in the "caption search"

10

option.  Orders will be listed under the master docket number,
No. 02 Civ. 3288.

## XI.  DISCOVERY

20.  All discovery obtained by any plaintiff in any
Consolidated Action may be shared with any other plaintiff.  All
discovery obtained by any defendant in any Consolidated Action
may be shared with any other defendant.  All discovery obtained
by any party in any Consolidated Action shall be deemed
discovered in each of the Consolidated Actions.

21.  No witness may be deposed more than once without leave
of the Court.

## XII.  PRIVILEGE

22.  Cooperation by and among counsel is essential for the
orderly and expeditious resolution of this litigation.
Accordingly, the communication of information among and between
Lead Counsel in the Securities Litigation, Liaison Counsel and
counsel in the Individual Actions and among and between
defendants' counsel shall not be deemed a waiver of the attorney-
client privilege or the attorney work product doctrine.

## XIII.  RIGHT TO BE HEARD BY THE COURT

23.  All counsel in the Consolidated Actions shall use their
best efforts to avoid duplication, inefficiency and inconvenience
to the Court, other parties, other counsel and witnesses.
Nothing stated herein, however, shall be construed to diminish
the right of any party to be heard by the Court on matters that

11

are not susceptible to joint or common action, or as to which
there is a genuine disagreement among counsel.

SO ORDERED:

Dated:      New York, New York
            May 28, 2003

                                _____
                                       DENISE COTE
                                United States District Judge

# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/3/1

IN RE PETROBRAS SECURITIES
LITIGATION

14-cv-9662 (JSR)

ALL CASES

 **[PROPOSED] ORDER COORDINATING PRE-TRIAL MATTERS**

**I.    APPLICATION OF THIS ORDER TO PENDING AND SUBSEQUENT CASES**

1.    This Order shall apply generally to the five class actions consolidated for all

purposes by the Court's Order dated February 17, 2015 under the caption, *In re Petrobras*

*Securities Litigation*, 14-cv-9662 (the "Class Action"), each of the related currently filed

individual actions (the "Currently Filed Individual Actions"),[1] and any case which relates to the

same subject matter as any of the foregoing actions that is subsequently filed in or transferred to

this Court and assigned to the undersigned, unless a party who has the right to object to the

consolidation of that case or to any other provision of this Order serves an application for relief

from this Order or from any of its provisions within ten (10) days after the date on which defense

counsel mails a copy of this Order to counsel for that party (together with the Currently Filed

Individual Actions, the "Individual Actions").  The provisions of this Order shall apply to any

---

[1]    The Currently Filed Individual Actions consist of:  *Dimensional Emerging Markets Value Fund, et al. v.*
*Petroleo Brasileiro S.A.*, No. 15-cv-2165 (JSR); *Skagen et al. v. Petroleo Brasileiro S.A. – Petrobras, et al.*, No. 15-
cv-2214 (JSR); *New York City Employees' Retirement System, et al. v. Petroleo Brasileiro S.A. – Petrobras, et al.*,
No. 15-cv-2192 (JSR); *Transamerica Income Shares, Inc., et al. v. Petroleo Brasileiro S.A. – Petrobras, et al.*, No.
15-cv-3733 (JSR); *Aberdeen Emerging Markets Fund v. Petroleo Brasileiro S.A. – Petrobras, et al.*, No. 15-cv-3860
(JSR); *Ohio Public Employees Retirement System v. Petroleo Brasileiro S.A. – Petrobras, et al.*, No. 15-cv-3887
(JSR); *Central States Southeast and Southwest Areas Pension Fund v. Petroleo Brasileiro S.A. – Petrobras, et al.*,
No. 15-cv-3911 (JSR); *Washington State Investment Board v. Petroleo Brasileiro S.A. – Petrobras, et al.*, No. 15-
cv-3923 (JSR); *Aberdeen Latin Am. Income Fund Limited, et al. v. Petroleo Brasileiro S.A. – Petrobras, et al.*, No.
15-cv-4043 (JSR); *NN Investment Partners B.V., et al. v. v. Petroleo Brasileiro S.A. – Petrobras, et al.*, No. 15-cv-
4226 (JSR); *Aura Capital Ltd. v. Petroleo Brasileiro S.A. – Petrobras, et al.*, No. 15-cv-4951 (JSR).

such action pending the Court's ruling on the application. For purposes of this Order, the Class

Action and the Individual Actions are collectively referred to as the "Consolidated Securities

Litigation." Except if otherwise provided in an order, any order entered in the Class Action is

deemed entered in all the actions constituting the Consolidated Securities Litigation.

## II.   CAPTIONS AND FILING

2.     On March 24, 2015, the Court issued an order consolidating the Consolidated

Securities Litigation for pre-trial purposes. Pursuant to the Court's February 17, 2015 Order, the

Clerk maintains a master consolidated docket under 14-cv-9662 (JSR).

3.     All orders, pleadings, motions and other documents filed in any or all of the

actions now or hereafter subject to this order shall bear the following caption:

> UNITED STATES DISTRICT COURT
> SOUTHERN DISTRICT OF NEW YORK
> -------------------------------------------------------x
> IN RE PETROBRAS SECURITIES
> LITIGATION                                          14-cv-9662 (JSR)
>
> This Document Applies to:        [insert]
> -------------------------------------------------------x

4.     A paper pertinent to the entire Consolidated Securities Litigation shall state that it

applies to "ALL CASES." A paper pertinent to fewer than all of the actions shall state the

docket number of each individual case to which it pertains. All papers filed in any of these cases

shall be docketed on the master docket and on the docket of each individual case to which it

pertains.

## III.  DUTIES OF COUNSEL

5.     On March 4, 2015, the Court appointed Pomerantz LLP as Lead Counsel in the

Class Action ("Lead Counsel").

6.      Lead Counsel shall have the following responsibilities with respect to the
Consolidated Securities Litigation:

(a)    Sign any consolidated class action complaint, motions, briefs, discovery
requests, objections, or notices on behalf of the plaintiffs in the Class Action
and other plaintiffs joining in such papers.

(b)    Except as noted below, conduct all pretrial proceedings on behalf of all
plaintiffs.

(c)    Brief and argue motions, except if the matters at issue pertain solely to one
or more Individual Actions.

(d)    Initiate and conduct discovery.  Plaintiffs' discovery will be conducted by
Lead Counsel in the Consolidated Securities Litigation with respect to issues
common among the Class Action and the Individual Actions, in consultation
with  Plaintiffs' Steering Committee for the Individual Actions ("PSC"), as
defined in § IV below.  Lead Counsel in the Consolidated Securities
Litigation shall agree upon a procedure that will give plaintiffs' counsel in
the Individual Actions a reasonable opportunity to request additions and
deletions from any discovery request crafted by Lead Counsel in the
Consolidated Securities Litigation, and to otherwise permit the discovery in
the Consolidated Securities Litigation to be conducted after Lead Counsel in
the Consolidated Securities Litigation has given appropriate consideration to
the views of counsel in the Individual Actions.  Should counsel for any of
the plaintiffs in an Individual Action believe that his/her views are not being
appropriately incorporated into the discovery process, the dissenting

attorney may seek the Court's intervention. Counsel for the plaintiffs in the Individual Actions shall avoid duplicative or overlapping discovery.

(e)  Speak on behalf of plaintiffs at any pretrial conference, except if the matters at issue pertain solely to one or more Individual Actions, in which case, counsel for the plaintiffs in such Individual Action(s) may address the issue with the Court.

(f)  Employ and consult with experts. Nothing in this Order precludes the plaintiffs in the Individual Actions from employing and consulting with their own experts.

(g)  Conduct settlement negotiations with defense counsel in connection with the Class Action.

(h)  Call meetings of plaintiffs' counsel.

(i)  Maintain an up-to-date list of counsel available to all plaintiffs' counsel on request; keep a complete electronic file of all papers and discovery materials filed or generated in the Consolidated Securities Litigation which shall be available to all plaintiffs' counsel via secure web-based access to an online document repository, provided that plaintiffs and their counsel in the Individual Actions have become signatories to all confidentiality agreements in place for such discovery and bear all duplication expenses.

(j)  Circulate and discuss with the head of the PSC any stipulated proposals.

(k)  Keep all plaintiffs informed about discovery matters and other issues and proceedings of common interest in the Consolidated Securities Litigation.

(l)     Consult with the head of the PSC to obtain the views of plaintiffs' counsel on proposed document requests, interrogatories, requests for admissions, depositions, and litigation strategy, and incorporate those views where it is reasonably appropriate to do so, including with respect to particular discovery items.

(m)     On behalf of plaintiffs, schedule and conduct all depositions in the Consolidated Securities Litigation with respect to all issues relevant to the Class Action.  Should any counsel in the Individual Actions request time to examine a witness through non-duplicative questions relevant to an Individual Action, Lead Counsel in the Consolidated Securities Litigation shall devise and implement in good faith a process such that, through consultation with the PSC, counsel for plaintiffs in the Individual Actions may ask such questions to the extent that Lead Counsel does not wish to do so.  If counsel for plaintiff in any of the Individual Actions requests time to examine a witness through such questions, then counsel for plaintiffs in all Individual Actions collectively shall allocate among themselves a reasonable amount of time and a fair opportunity within which to do so. Nothing in this Order shall preclude counsel for plaintiffs in the Individual Actions from attending any deposition and (as set forth herein) examining witnesses at any deposition, provided that such examination is non-duplicative and follows consultation with Lead Counsel and the head of the PSC.  No witness may be deposed more than once without leave of the Court.

## IV.     APPOINTMENT OF PSC

7.     The law firm of Kessler Topaz Meltzer & Check, LLP is designated as the head of the PSC for the Individual Actions.  The members of the PSC are: Robbins Geller Rudman & Dowd, LLP; Grant & Eisenhofer; Kahn Swick & Foti, LLC; Kaplan Fox; Kessler Topaz Meltzer & Check, LLP.

8.     The head of the PSC shall have the following responsibilities:

(a)  Distribute to all plaintiffs' counsel in the Individual Actions those materials that they need to review in order to form and communicate their views regarding discovery, motion practice, and settlement.

(b)  Where issues pertain solely to one or more Individual Actions, communicate with the Court regarding any issues common to the Individual Actions. Nothing in this Order precludes a plaintiff in any of the Individual Actions from communicating with the Court regarding issues unique to its action.

(c)  For purposes of pre-trial proceedings in the Consolidated Securities Litigation, any party's or the Court's communication with the head of the PSC shall be sufficient communication with all plaintiffs in the Individual Actions.  For purposes of the Court's Rule 2(a), the head of the PSC is designated "lead" counsel to represent all plaintiffs in the Individual Actions in telephone calls to Chambers.

9.     The members of the PSC shall share the following responsibilities:

(a)  Confer with plaintiffs' counsel in the Individual Actions to obtain their collective views regarding discovery and any issues that need to be communicated to Lead Counsel or to the Court.

      (b) Communicate with Lead Counsel regarding any discovery that plaintiffs in the

          Individual Actions wish to take, litigation strategy and motion practice.

      (c) Coordinate the taking of any discovery unique to the Individual Actions.

## V.    SERVICE

      10.    For purposes of pre-trial proceedings in the Consolidated Securities Litigation, service by defendants of pleadings and all other papers on Lead Counsel and the head of the PSC shall be deemed sufficient service on all plaintiffs in the Consolidated Securities Litigation. Service of papers in the Consolidated Securities Litigation may be made by electronic mail.

## VI.    RELIEF FROM PROVISIONS HEREIN

      11.    Counsel may seek relief from any of the provisions of this Order by application to the Court upon a showing of good cause.

## VII.    DISCOVERY

      12.    Subject to the terms of this Order and in accordance with the applicable Protective Order, all discovery obtained by any plaintiff in any action within the Consolidated Securities Litigation will be shared with all other plaintiffs in the Consolidated Securities Litigation, and all discovery obtained by any defendant in any action within the Consolidated Securities Litigation may be shared with any other defendant. All discovery obtained by any party in any action within the Consolidated Securities Litigation shall be deemed discovered in all of the actions.

## VIII.    PRIVILEGE

      13.    Cooperation by and among counsel is essential for the orderly and expeditious resolution of the Consolidated Securities Litigation. Accordingly, the communication of information among and between Lead Counsel, the PSC and plaintiffs' counsel in the Individual Actions shall not be deemed a waiver of the attorney-client privilege or the attorney work

product doctrine. Likewise, the communication of information among and between defendants' counsel shall not be deemed a waiver of the attorney-client privilege or the attorney work product doctrine.

## IX. RIGHT TO BE HEARD BY THE COURT

14. All counsel in the Consolidated Securities Litigation shall use their best efforts to avoid duplication, inefficiency and inconvenience to the Court, other parties, other counsel and witnesses. Nothing stated herein, however, shall be construed to diminish the right of any party to be heard by the Court on matters that are not susceptible to joint or common action, or as to which there is a genuine disagreement among counsel.

## X. SCHEDULE FOR INDIVIDUAL ACTIONS

15. Discovery directed to plaintiffs in the Individual Actions (except if relevant to the Class Action) and additional non-duplicative discovery and proceedings in the Individual Actions shall be conducted in accordance with schedule(s) set at a ~~pretrial~~ conference with the Court ~~after the earlier of the trial in the Class case or its resolution otherwise.~~ *on October 26, 2015 at 4 p.m.*

16. Defendants shall have until August 21, 2015 within which to respond to the complaints on file in the Currently Filed Individual Actions. With respect to any motion to dismiss such complaints, the plaintiffs shall have until September *18* 2015 to file opposition papers, and defendants shall have until October *5* 2015 to submit any reply papers. *Oral argument will be held on October 13, 2015 at 3:30 pm.*

17. Defendants' time to respond to any subsequently filed Individual Actions will be set by order of the Court upon application of the affected parties.

SO ORDERED:

Dated: New York, NY
August *3*, 2015

Jed S. Rakoff, U.S.D.J.

# EXHIBIT E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
IN RE THE BEAR STEARNS COMPANIES,          :
INC. SECURITIES, DERIVATIVE, AND ERISA     :   Master File No.:
LITIGATION                                 :   08 M.D.L. No. 1963 (RWS)
                                           :
This Document Relates To:                  :   ECF Case
                                           :
    Securities Action, 08 Civ 2793 (RWS);     :
    *Kentmill Investments, Ltd. v. The Bear*  :
    *Stearns Cos., Inc.*, No. 09 Civ. 00169   :
    (RWS);                                    :
    *Crowe v. JPMorgan Chase & Co.*,          :
    No. 09 Civ. 00778 (RWS);                  :
    *Wang v. The Bear Stearns Companies Inc. et* :
    *al.*, No. 09 Civ. 1200 (RWS);            :
    *Ulie et al. v. Cayne et al.*, No. 09 Civ. 02050 :
    (RWS)                                     :
    *Financial Trust Co., Inc. v. The Bear Stearns* :
    *Cos. Inc.*, No. 10 Civ. 01226 (RWS)       :
                                           :
-------------------------------------------------------------------- x
BRUCE S. SHERMAN,                          :
                                           :   Index No.:
                 Plaintiff,  :   09 Civ. 8161 (RWS)
                                           :
    v.                                     :
                                           :
BEAR STEARNS COMPANIES INC., JAMES         :
CAYNE, WARREN SPECTOR and DELOITTE &       :
TOUCHE LLP,                                :
                                           :
               Defendants.   :
-------------------------------------------------------------------- x



## CASE MANAGEMENT ORDER

    WHEREAS, on January 6, 2009, the Court entered an Order Regarding: (1)

Consolidation Of Securities Actions, Appointment Of Lead Plaintiff And Approval Of Lead

Counsel; (2) Appointment Of Lead Counsel In Derivative Action; (3) Consolidation Of ERISA

Actions, Appointment Of Interim Lead Plaintiffs, Interim Lead Counsel and Interim Liaison

Counsel; and (4) Scheduling Of The Filing Of Consolidated Amended Complaints In Each of The Actions And Responses Thereto (the "January 6 Order");

WHEREAS, pursuant to the January 6 Order, various related securities actions were consolidated under the caption *In re The Bear Stearns Cos., Inc. Securities Litigation*, No. 08 Civ. 2793 (RWS) (the "Securities Action"), and the State of Michigan Retirement Systems was appointed Lead Plaintiff;

WHEREAS, the following captioned individual securities actions against The Bear Stearns Companies Inc. ("Bear Stearns") *et al.*, alleging violations of, *inter alia*, the federal securities laws, were filed in or transferred to this Court after entry of the January 6 Order:

*Kentmill Investments, Ltd. v. The Bear Stearns Cos., Inc.*, No. 09 Civ. 00169 (RWS) (the "Kentmill Action");

*Crowe v. JPMorgan Chase & Co.*, No. 09 Civ. 00778 (RWS) (the "Crowe Action");

*Wang v. The Bear Stearns Companies Inc. et al.*, No. 09 Civ. 01200 (RWS) (the "Wang Action");

*Ulie et al. v. Cayne et al.*, No. 09 Civ. 02050 (RWS) (the "Ulie Action");

*Sherman v. Bear Stearns Cos., Inc.*, No. 09 Civ. 08161 (RWS) (the "Sherman Action"); and

*Financial Trust Co., Inc. v. The Bear Stearns Cos. Inc.*, No. 10 Civ. 01226 (RWS) (the "Financial Trust Action");

WHEREAS, on January 21, 2009, February 10, 2009, March 2, 2009, March 18, 2009, September 30, 2009, and February 17, 2010, the Kentmill Action, the Wang Action, the Crow Action, the Ulie Action, the Sherman Action, and the Financial Trust Action were assigned to this Court as related cases to the Securities Action;

2

WHEREAS, pursuant to the January 6 Order, plaintiff in the Sherman Action objected to consolidation of his action with the Securities Action;

WHEREAS, during oral argument held on October 28, 2009 on Sherman's objection to consolidation, the Court sustained Sherman's objection to consolidation and directed the parties to submit a proposed order;

WHEREAS, on January 19, 2011 this Court issued a decision denying the defendants' motions to dismiss the Securities Action; Accordingly, it is hereby

ORDERED as follows:

## I.      CONSOLIDATION OR COORDINATION

1.      Pursuant to the January 6 Order, the Kentmill Action, the Crowe Action, the Wang Action, the Ulie Action, and the Financial Trust Action are consolidated with the Securities Action.

2.      The objection of plaintiff in the Sherman Action to consolidation with the Securities Action is sustained.  The Sherman Action shall be coordinated with the Securities Action.

3.      The "Consolidated Actions" are defined as the Kentmill Action, the Crowe Action, the Wang Action, the Ulie Action, the Financial Trust Action, and any other individual action that alleges individual claims that has been or will be consolidated with the Securities Action.  Specifically excluded from the definition of "Consolidated Actions" is the lead Securities Action prosecuted by Court-appointed Lead Plaintiff State of Michigan Retirement Systems.

4.      The "Coordinated Actions" are defined as the Sherman Action, and any other action related to the Securities Action that is coordinated with the Securities Action.

3

Case 3:17-cv-00685-SRW Document 301 Filed 02/03/19 Page 63 of 68

5.    The Securities Action together with the Consolidated Actions and the Coordinated Actions constitute "All Actions."

6.    The requirement that any defendant named and served in any Consolidated or Coordinated Action must move, answer or otherwise respond in that action is stayed.  If circumstances necessitate action by any plaintiff or defendant in any Consolidated or Coordinated Action to protect interests unique to such Consolidated or Coordinated Action plaintiff or defendant, such plaintiff or defendant may seek relief from the stay by appropriate motion.  All defenses of any defendant named and served in any Consolidated or Coordinated Action, including but not limited to defenses based on lack of personal jurisdiction or lack of subject matter jurisdiction, are hereby preserved.

## II.    DUTIES OF LEAD COUNSEL

7.    Discovery in All Actions shall proceed as follows as to that party:

8.    Subject to paragraphs 9 and 11, below, Lead Counsel (as identified and approved in the January 6 Order) shall have the following responsibilities in the Securities Action and Consolidated Actions:

(a)    Sign any consolidated class action complaint, motions, briefs, discovery requests, objections, or notices on behalf of all plaintiffs or those plaintiffs filing the particular papers.

(b)    Conduct all pretrial proceedings on behalf of plaintiffs.

(c)    Brief and argue motions on behalf of plaintiffs.

(d)    Initiate and conduct discovery consistent with Section VI below.

(e)    Speak on behalf of plaintiffs at any pretrial conference.

(f)    Employ and consult with experts on behalf of plaintiffs.

4

(g)     Conduct settlement negotiations with defense counsel on behalf of class
action plaintiffs.

(h)     Call meetings of counsel for plaintiffs.

(i)     Distribute to all plaintiffs' counsel copies of all notices, orders, and
decisions of the Court; maintain an up-to-date list of counsel available to all plaintiffs' counsel
on request; keep a complete file of all papers and discovery materials filed or generated in the
Securities Action which shall be available to all plaintiffs' counsel at reasonable hours, provided
that such plaintiffs and their counsel become signatories to all confidentiality agreements in
place for such discovery and bear all duplication and/or electronic discovery expenses.

(j)     Keep Liaison Counsel, as defined in Section III, below, informed about
discovery matters and other issues and proceedings of common interest to All Actions.

(k)     Consult with Liaison Counsel to obtain the views of plaintiffs' counsel in
the Consolidated and Coordinated Actions on proposed document requests, interrogatories,
requests for admissions, depositions, motion practice, and litigation strategy, and incorporate
those views wherever it is appropriate to do so.

9.     Notwithstanding the responsibilities of Lead Counsel set forth above and those of
Liaison Counsel set forth below, the firm serving as Liaison Counsel may, on behalf of plaintiffs
in the Consolidated and Coordinated Actions, present written and oral arguments, conduct
examinations of deponents, and otherwise act on behalf of plaintiffs in the Consolidated and
Coordinated Actions as appropriate with respect to issues unique to the Consolidated or
Coordinated Actions, provided that in doing so it coordinates such actions with Lead Counsel.

### III.     APPOINTMENT AND DUTIES OF LIAISON COUNSEL

10.     Boies, Schiller & Flexner, counsel for Bruce S. Sherman, is designated as Liaison
Counsel.

5

11. Subject to paragraph 9, above, Liaison Counsel shall have the following responsibilities:

(a) Distribute to all counsel in the Consolidated and Coordinated Actions those materials that they need to review in order to form and to communicate their views regarding discovery, motion practice and settlement.

(b) Confer with all counsel in the Consolidated and Coordinated Actions to obtain their views regarding discovery and any issues that need to be communicated to Lead Counsel or to the Court.

(c) Communicate with Lead Counsel regarding any discovery that plaintiffs in the Consolidated or Coordinated Actions wish to take and regarding litigation strategy and motion practice.

(d) Communicate with the Court regarding any issue unique to the Consolidated or Coordinated Actions.

(e) Coordinate the taking of any discovery that is unique to the Consolidated or Coordinated Actions.

12. Liaison Counsel's activities on behalf of the Consolidated and Coordinated Actions shall not create an attorney-client relationship between Liaison Counsel and any plaintiff in any Consolidated or Coordinated Action.

13. Liaison Counsel's reasonable fees and expenses attributable to its liaison work on behalf of the Consolidated and Coordinated Actions shall be compensated out of any recoveries of the Consolidated and Coordinated Actions.

## IV.  SERVICE

14. Service by defendants of pleadings and all other papers on Lead Counsel and Liaison Counsel shall be deemed sufficient service in All Actions.

6

## V.  RESTRICTIONS

15.     Except as contemplated in paragraphs 9, above, and 17, below, no attorney for any plaintiff in any Consolidated or Coordinated Action may contact defense counsel regarding discovery without the consent of Lead Counsel or, in the absence of such permission, leave of the Court.  No attorney for any plaintiff in any Consolidated or Coordinated Action other than Liaison Counsel may contact Lead Counsel regarding discovery without being advised by Liaison Counsel that Lead Counsel has consented to the contact, or in the absence of such consent, leave of the Court.

16.     Counsel may seek relief from these restrictions and from any of the provisions of this Order by application to the Court upon a showing of good cause.  A showing of good cause regarding discovery issues includes a showing that the discovery issue is unique to a Consolidated or Coordinated Action.

## VI.  DISCOVERY

17.     Discovery in All Actions shall proceed consistent with the following:

(a)     All discovery of defendants or third parties that is common to All Actions shall be conducted by Lead Counsel in the Securities Action.

(1)     All documents produced in the Securities Action shall be made available and be deemed to have been produced in the Consolidated Actions and Coordinated Actions without further order of the Court.

(2)     All depositions conducted in the Securities Action shall be deemed to have been conducted in the Consolidated Actions and Coordinated Actions without further order of the Court.

(3)     All interrogatories answered in the Securities Action shall be deemed to have been answered in the Consolidated Actions and Coordinated Actions without further order of the Court.

(b)     Subject to paragraph 9, discovery of defendants or third parties that is unique to the Consolidated or Coordinated Actions may be conducted by Liaison Counsel, provided the following procedures are followed:

(1)     For document discovery directed at defendants or third parties, Liaison Counsel may serve its own sets of non-duplicative document requests addressed to issues unique to the Consolidated or Coordinated Actions, if any; any such discovery must be served within 10 business days of Lead Counsel's service of document requests.

(2)     For interrogatories directed at defendants or third parties, Liaison Counsel may serve its own sets of non-duplicative interrogatories addressed to issues unique to the Consolidated or Coordinated Actions, if any; any such discovery must be served within 10 business days of Lead Counsel's service of interrogatories.

(c)     For depositions of defendants or third parties, the parties will submit a deposition protocol.

18.     Any of the parties to the Consolidated Actions or Coordinated Actions may seek the Court's intervention on any issues that arise as a result of the foregoing or if such party or parties believe(s) that the above procedures are not adequately protecting such party's or parties' rights.

19.     All discovery obtained by any plaintiff in the Securities Action, Consolidated Actions or Coordinated Actions may be shared with any other plaintiff in All Actions.  All discovery obtained by any defendant in the Securities Action, Consolidated Actions, and

Coordinated Actions may be shared with any other defendant in All Actions. All discovery obtained by any party in the Securities Action, Consolidated Actions, or Coordinated Actions shall be deemed discovered in All Actions.

      20.     No witness may be deposed more than once without leave of the Court.

## VII.   PRIVILEGE

      21.     Cooperation by and among counsel is essential for the orderly and expeditious resolution of this litigation. Accordingly, the communication of information among and between plaintiffs' counsel shall not be deemed a waiver of the attorney-client privilege or the attorney work product privilege. Likewise, the communication of information among and between defendants' counsel shall not be deemed a waiver of the attorney-client privilege or the attorney work product privilege.

## VIII.  RIGHT TO BE HEARD BY THE COURT

      22.     All counsel in All Actions shall use their best efforts to avoid duplication, inefficiency, and inconvenience to the Court, other parties, other counsel and witnesses. Nothing stated herein, however, shall be construed to diminish the right of any party to be heard by the Court on matters that are not susceptible to joint or common action, or as to which there is a genuine disagreement among counsel.

SO ORDERED:

Dated:    New York, New York
          **6 - 2**, 2011

                                 ROBERT W. SWEET
                                 United States District Judge