UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NORDEA INVESTMENT MANAGEMENT AB,<br><br>Plaintiff,<br><br>v.<br><br>TEVA PHARMACEUTICAL INDUSTRIES LTD., *et al.*,<br><br>Defendants. | Civ. A. No. 3:18-cv-01681 (SRU) |
| STATE OF ALASKA DEPARTMENT OF REVENUE, TREASURY DIVISION, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>TEVA PHARMACEUTICAL INDUSTRIES LTD., *et al.*,<br><br>Defendants. | Civ. A. No. 3:18-cv-01721 (SRU) |
| PACIFIC FUNDS SERIES TRUST and PACIFIC SELECT FUND,<br><br>Plaintiffs,<br><br>v.<br><br>TEVA PHARMACEUTICAL INDUSTRIES LTD., *et al.*,<br><br>Defendants. | Civ. A. No. 3:18-cv-01956 (SRU) |

| | |
|---|---|
| PUBLIC SCHOOL TEACHERS' PENSION AND RETIREMENT FUND OF CHICAGO,<br><br>        Plaintiff,<br><br>    v.<br><br>TEVA PHARMACEUTICAL INDUSTRIES LTD., *et al.*,<br><br>        Defendants. | Civ. A. No. 3:19-cv-00175 (SRU) |
| SCHWAB CAPITAL TRUST and SCHWAB STRATEGIC TRUST,<br><br>        Plaintiffs,<br><br>    v.<br><br>TEVA PHARMACEUTICAL INDUSTRIES LTD., *et al.*,<br><br>       Defendants. | Civ. A. No. 3:19-cv-00192 (SRU) |
| THE PHOENIX INSURANCE COMPANY LTD., *et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>TEVA PHARMACEUTICAL INDUSTRIES LTD., *et al.*,<br><br>       Defendants. | Civ. A. No. 3:19-cv-00449 (SRU) |

| | |
|---|---|
| MIVTACHIM THE WORKERS SOCIAL INSURANCE FUND LTD., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> TEVA PHARMACEUTICAL INDUSTRIES LTD., *et al.*, <br><br> Defendants. | Civ. A. No. 3:19-cv-00513 (SRU) |
| CLAL INSURANCE COMPANY LTD., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> TEVA PHARMACEUTICAL INDUSTRIES LTD., *et al.*, <br><br> Defendants. | Civ. A. No. 3:19-cv-00543 (SRU) |
| HIGHFIELDS CAPITAL I LP., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> TEVA PHARMACEUTICAL INDUSTRIES LTD., *et al.*, <br><br> Defendants. | Civ. A. No. 3:19-cv-00603 (SRU) |
| MIGDAL INSURANCE COMPANY LTD., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> TEVA PHARMACEUTICAL INDUSTRIES LTD., *et al.*, <br><br> Defendants. | Civ. A. No. 3:19-cv-00655 (SRU) |

| | |
|---|---|
| HAREL PENSION AND PROVIDENT LTD., *et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>TEVA PHARMACEUTICAL INDUSTRIES LTD., *et al.*,<br><br>        Defendants. | Civ. A. No. 3:19-cv-00656 (SRU) |
| STATE OF OREGON BY AND THROUGH THE OREGON STATE TREASURER AND THE OREGON PUBLIC EMPLOYEE RETIREMENT BOARD, ON BEHALF OF THE OREGON PUBLIC EMPLOYEE RETIREMENT FUND,<br><br>        Plaintiffs,<br><br>    v.<br><br>TEVA PHARMACEUTICAL INDUSTRIES LTD., *et al.*,<br><br>        Defendants. | Civ. A. No. 3:19-cv-00657 (SRU) |
| MIGDAL MUTUAL FUNDS, LTD.<br><br>        Plaintiff,<br><br>    v.<br><br>TEVA PHARMACEUTICAL INDUSTRIES LTD., *et al.*,<br><br>        Defendants. | Civ. A. No. 3:19-cv-00923 (SRU) |

| | |
|---|---|
| PSAGOT MUTUAL FUNDS, LTD., and PSAGOT PROVIDENT FUNDS & PENSION LTD.,<br><br>      Plaintiffs,<br><br>v.<br><br>TEVA PHARMACEUTICAL INDUSTRIES LTD., *et al.*,<br><br>      Defendants. | Civ. A. No. 3:19-cv-01167 (SRU) |
| STICHTING PGGM DEPOSITARY and STICHTING PENSIOENFONDS ZORG EN WELZIJN,<br><br>      Plaintiffs,<br><br>v.<br><br>TEVA PHARMACEUTICAL INDUSTRIES LTD., *et al.*,<br><br>      Defendants. | Civ. A. No. 3:19-cv-01173 (SRU)<br><br>December 23, 2019 |

**THE DIRECT ACTION PLAINTIFFS' JOINT OPPOSITION TO DEFENDANTS' MOTIONS TO CONSOLIDATE THE DIRECT ACTIONS WITH THE CLASS ACTION**

Plaintiffs in the above-captioned actions (the "Direct Action Plaintiffs") respectfully submit this joint opposition to Defendants' motions to consolidate for pre-trial purposes Plaintiffs' respective actions (the "Direct Actions") with the putative class action styled *Ontario Teachers' Pension Plan Board, et. al. v. Teva Pharmaceutical Industries Ltd. et. al.*, No. 3:17-cv-00558 (SRU) (the "Class Action").

## INTRODUCTION

The Direct Action Plaintiffs are investors who suffered significant losses as a result of Defendants' securities fraud. Rather than remain as passive members of the putative class, the Direct Action Plaintiffs have exercised their constitutional right to file their own actions against Defendants, in some cases bringing individual claims that have not been asserted by the plaintiffs leading the Class Action (the "Class").

The Direct Action Plaintiffs share Defendants' desire to prosecute their claims efficiently, avoid duplicative and expensive discovery, and preserve judicial resources. In that vein, the Direct Action Plaintiffs attempted to negotiate a proposed order with defense counsel to set up an efficient case management structure whereby discovery in the Class Action and the Direct Actions would be coordinated. The parties exchanged drafts of a proposed coordination order, and the Direct Action Plaintiffs fully expected that they would be able to reach agreement with Defendants on a proposed coordination order to submit to this Court. However, Defendants abruptly abandoned these negotiations last Friday evening and instead filed their consolidation motion that same evening with the Court without ever meeting and conferring with the Direct Action Plaintiffs about consolidation.

As explained in more detail below, entering Defendants' proposed consolidation order would prejudice those Direct Action Plaintiffs who have brought claims that cannot be pursued on

a class-wide basis. Moreover, Defendants' proposed order effectively disenfranchises the Direct Action Plaintiffs by severely curtailing their participation in the prosecution of their own claims. The Draconian consolidation order proposed by Defendants is unnecessary to achieve the case management and efficiency goals that all parties desire, and instead would prejudice the Direct Action Plaintiffs' substantive rights. A more reasonable and practical case management solution is an order that requires the parties to coordinate discovery with the Class Action in a manner that prevents duplication of effort and expense – as Defendants originally proposed but then abruptly abandoned without explanation – but that still provides the Direct Action Plaintiffs with an opportunity to seek information relevant to their claims by making modest changes to Defendants' proposed framework for discovery. Accordingly, the Direct Action Plaintiffs respectfully request that the Court enter an order that coordinates – but does not consolidate – the Direct Action Plaintiffs' actions with the Class Action, and provides the Direct Action Plaintiffs with limited discovery rights. A copy of a proposed coordination order is attached hereto as <u>Exhibit A</u>. A comparison of the proposed coordination order with Defendants' proposed consolidation order is attached here to as <u>Exhibit B</u>.

## COUNTER-PROPOSAL

### I. Coordination of the Direct Actions – Not Consolidation – with the Class Action Is Appropriate

The order should provide for *coordination* rather than *consolidation* of the Direct Actions with the Class Action for a number of related reasons. First, eight of the fifteen Direct Actions include claims that the securities class actions do not (and perhaps could not) assert. These include claims based on state or common law and also claims based on Israeli law.[1] Second, consolidation

---

[1] The eight Direct Actions with state law claims are: (1) *Clal Ins. Co. Ltd. v. Teva Pharm. Indus. Ltd.*, No. 19-cv-543-SRU; (2) *Harel Pension and Provident Ltd. v. Teva Pharm. Indus. Ltd.*, No. 19-cv-656-SRU; (3) *Highfields Capital I LP v. Teva Pharm. Indus. Ltd.*, No. 19-cv-603-SRU; (4) *Migdal Insurance Co. Ltd.*

2

(rather than coordination) would put those state law claims asserted in the Direct Actions at risk of preclusion under the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), which would be unfair and unnecessary since coordination will achieve the same procedural outcome of ensuring orderly discovery and pretrial motion practice without putting the Direct Action Plaintiffs' state law claims at risk.

Consolidation is inappropriate where it would prejudice a party. *See Liberty Media Corp. v. Vivendi Universal, S.A.*, 842 F. Supp. 2d 587, 592 (S.D.N.Y. 2012) (collecting cases and quoting the Second Circuit's finding that a consolidation order was inappropriate when it "goes beyond these permissible objectives" of avoiding duplicative pretrial discovery "to deny a party his due process right to prosecute his own separate and distinct claims . . . without having them so merged into the claims . . . of others that irreparable injury will result" (citation omitted)). Courts have held that an individual plaintiff's state or common law claims should be dismissed under SLUSA, 15 U.S.C. §78bb(f), when those claims are consolidated with a pending securities class action. *See, e.g., Backus v. Conn. Cmty. Bank, N.A.*, 789 F. Supp. 2d 292, 301 (D. Conn. 2011). Given the unnecessary risk of prejudice to many of the Direct Action plaintiffs, coordination rather than consolidation is the appropriate approach here. There is nothing with regard to the administration

---

*v. Teva Pharm. Indus. Ltd.*, No. 19-cv-655-SRU; (5) *Migdal Mutual Funds, Ltd. v. Teva Pharm. Indus. Ltd.*, No. 19-cv-923-SRU; (6) *Mivtachim The Workers Social Ins. Fund Ltd. v. Teva Pharm. Indus. Ltd.*, No. 19-cv-513-SRU, (7) *The Phoenix Insurance Co., Ltd. v. Teva Pharm. Indus. Ltd.*, No. 19-cv-449-SRU; and (8) *Psagot Provident Funds & Pension Ltd. v. Teva Pharm. Indus. Ltd.*, No. 19-cv-1167-SRU. All such actions have brought claims under the Pennsylvania Securities Act of 1972 and/or claims under state common law.

The nine Direct Actions with Israeli law claims are: (1) *Clal Ins. Co. Ltd. v. Teva Pharm. Indus. Ltd.*, No. 19-cv-543-SRU; (2) *Harel Pension and Provident Ltd. v. Teva Pharm. Indus. Ltd.*, No. 19-cv-656-SRU; (3) *Migdal Insurance Co. Ltd. v. Teva Pharm. Indus. Ltd.*, No. 19-cv-655-SRU; (4) *Migdal Mutual Funds, Ltd. v. Teva Pharm. Indus. Ltd.*, No. 19-cv-923-SRU; (5) *Mivtachim The Workers Social Ins. Fund Ltd. v. Teva Pharm. Indus. Ltd.*, No. 19-cv-513-SRU, (6) *The Phoenix Insurance Co., Ltd. v. Teva Pharm. Indus. Ltd.*, No. 19-cv-449-SRU; (7) *Psagot Provident Funds & Pension Ltd. v. Teva Pharm. Indus. Ltd.*, No. 19-cv-1167-SRU; (8) *Schwab Capital Tr. and Schwab Strategic Tr. v. Teva Pharma. Indus. Ltd.*, 19-cv-192-SRU; and (9) *Stichting PGGM Depositary and Stichting Pensioenfonds Zorg En Welzijn v. Teva Pharma. Indus. Ltd.*, 19-cv-1173-SRU.

of the cases that coordination lacks when compared with consolidation. Indeed, when asked about this issue before Defendants' filing of the current motion, defense counsel could offer no need whatsoever for consolidation over coordination.

Furthermore, even the materials submitted to the Court by Defendants in connection with their motion support this outcome. In the *Bear Stearns* case management order submitted as Exhibit E to Defendants' motion, the court *coordinated* rather than consolidated a direct action with the securities class action and other direct actions, in response to that individual plaintiff's objection explaining that it had asserted claims that did not identically overlap with the class and because of the risk of SLUSA preclusion. *See* Joint Motion to Consolidate Related Actions, Ex. E at 3; Plaintiff's Objection to Consolidation, *Sherman v. Bear Stearns Cos. Inc.*, No. 1:09-cv-08161-RWS (S.D.N.Y. Oct. 9, 2009), ECF No. 4. The same outcome is appropriate here. Either all of the Direct Actions should be coordinated or those Direct Actions that have claims that are non-identical to the class claims (after the opportunity to amend passes) should be coordinated (rather than consolidated) with the Class Action.

## II. The Direct Action Plaintiffs Should Be Permitted to Take Limited, Non-Duplicative Discovery

### A. Written Discovery

Paragraphs 11-13 of Defendants' proposed consolidation order would flatly prohibit the Direct Action Plaintiffs from serving any documents requests, document subpoenas, interrogatories, or requests for admission. Instead, the document requests, document subpoenas, interrogatories or requests for admission served by the Class would be the only written discovery propounded on Defendants. However, many of the Direct Action Plaintiffs have additional claims that are different from the claims asserted by the Class. Thus, the Direct Action Plaintiffs and the Class's interests are not completely aligned, and the Direct Action Plaintiffs need access to

discovery from Defendants that the Class has no reason to pursue. The Direct Action Plaintiffs therefore request that they be permitted to serve non-duplicative written discovery requests to supplement the Class's requests.

### B. Depositions

Paragraph 24 of Defendants' proposed consolidation order prohibits the Direct Action Plaintiffs from asking questions at a deposition unless Class counsel refuses to ask that question on behalf of the Direct Action Plaintiffs. This framework is unworkable because it will require multiple consultations between counsel during deposition breaks that will unnecessarily prolong depositions. The Direct Action Plaintiffs should be afforded a reasonable opportunity at the end of the deposition to ask those questions. This framework has proven to be successful in numerous other cases where the class plaintiffs and opt-out plaintiffs coordinated discovery. Examples of the framework used in two such cases are attached hereto as Exhibit C (*Ir re Allergan Generic Drug Pricing Secs. Litig.* (D.N.J.)) and Exhibit D (*Roofers' Pension Fund v. Papa and Perrigo Company plc*, No. 2:26-cv-2805 (D.N.J.)).

### C. Document Productions

In Paragraph 21 of Defendants' proposed consolidation order, Defendants propose that the documents they produce be housed on an online document repository managed by Class counsel, and that in order to obtain copies of those documents, the Direct Action Plaintiffs must pay "duplication" costs. This imposes an impractical framework that imposes unnecessary costs. There is no reason why Defendants cannot make all document productions available to all parties at the same time for electronic download via an FTP site.

## CONCLUSION

For the foregoing reasons, the Direct Action Plaintiffs respectfully request that the Court

deny Defendants' motions to consolidate their respective actions with the Class Action, and instead enter the proposed coordination order attached hereto as Exhibit A.

Dated: December 23, 2020

By: /s/ David A. Ball
David A. Ball (ct10154)
Ari J. Hoffman (ct22516)
COHEN and WOLF, P.C.
1115 Broad St. P.O. Box 1821
Bridgeport, CT 06604
Tel: (203) 368-0211
Fax: (203) 337-5534
dball@cohenandwolf.com
ahoffman@cohenandwolf.com

Lawrence M. Rolnick (pro hac vice)
Marc B. Kramer (pro hac vice)
Michael J. Hampson (pro hac vice)
LOWENSTEIN SANDLER LLP
1251 Avenue of the Americas
New York, New York 10020
Tel.: (212) 262-6700
Fax: (973) 597-2469
lrolnick@lowenstein.com
mhampson@lowenstein.com

*Counsel for Plaintiffs in
Case No. 19-cv-00603*

Respectfully submitted,

By: /s/ Erin Green Comite
Erin Green Comite (ct24886)
Margaret B. Ferron (ct28469)
SCOTT & SCOTT ATTORNEYS AT LAW LLP
156 South Main Street
P.O. Box 192
Colchester, CT 06415
Tel.: (860) 537-5537
Fax: (860) 537-4432
ecomite@scott-scott.com
mferron@scott-scott.com

Jeremy A. Lieberman (pro hac vice)
Michael J. Wernke (pro hac vice)
POMERANTZ LLP
600 Third Avenue, 20th Floor
New York, New York 10016
Tel.: (212) 661-1100
Fax: (212) 661-8665
jalieberman@pomlaw.com
mjwernke@pomlaw.com

Patrick M. Dahlstrom (pro hac vice)
POMERANTZ LLP
10 South LaSalle, Ste 3505
Chicago, IL 60603
Tel: (312) 377-1181
Fax: (312) 229-8811
pdahlstrom@pomlaw.com

*Counsel for Plaintiffs in
Case Nos. 19-cv-00513, 19-cv-00543,
19-cv-0065519-cv-00655, 19-cv-00923,
and 19-cv-01167*

By: */s/ William H. Clendenen, Jr.*
William H. Clendenen, Jr. (ct04261 )
CLENDENEN & SHEA, LLC
400 Orange Street
New Haven, CT 06511
Tel.: (203) 787-1183
Fax: (203) 787-2847
office@clenlaw.com

Matthew L. Mustokoff (*pro hac vice*)
Geoffrey C. Jarvis (*pro hac vice*)
Michelle M. Newcomer (*pro hac vice*)
Jonathan F. Neumann (*pro hac vice*)
KESSLER TOPAZ MELTZER &
CHECK, LLP
280 King of Prussia Road
Radnor, PA 19087
Tel.: (610) 667-7706
Fax: (610) 667-7056
mmustokoff@ktmc.com
gjarvis@ktmc.com
mnewcomer@ktmc.com
jneumann@ktmc.com

*Counsel for Plaintiffs in
Case Nos. 18-cv-01681 and
18-cv-01721*

By: */s/ Chad Johnson*
Chad Johnson
ROBBINS GELLER RUDMAN
& DOWD LLP
125 Park Avenue, 25th Floor
New York, NY 10017
Telephone: 212/791-0567
chadj@rgrdlaw.com

ROBBINS GELLER RUDMAN
& DOWD LLP
DARREN J. ROBBINS
LUKE O. BROOKS
RYAN A. LLORENS
ERIC I. NIEHAUS
ANGEL P. LAU
SARA B. POLYCHRON
JEFFREY J. STEIN
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
lukeb@rgrdlaw.com
ryanl@rgrdlaw.com
eniehaus@rgrdlaw.com
alau@rgrdlaw.com
spolychron@rgrdlaw.com
jstein@rgrdlaw.com

MOTLEY RICE LLC
WILLIAM H. NARWOLD
MATTHEW P. JASINSKI
20 Church Street, 17th Floor
Hartford, CT 06103
Telephone: 860/882-1676
860/882-1682 (fax)
bnarwold@motleyrice.com
mjasinski@motleyrice.com

*Counsel for Plaintiffs in
Case Nos. 19-cv-00449 and
19-cv-00656*

By: /s/ Nathan Craig Zezula
Nathan Craig Zezula (ct27936)
LUEKER MOTT ZEZULA LLC
750 East Main Street, 6th Floor
Stamford, CT 06902
Tel: (203) 408-6500
Fax: (203) 724-4179
nzezula@lmzlegal.com

Daniel L. Berger *(pro hac vice)*
Deborah A. Elman *(pro hac vice)*
Jonathan D. Park *(pro hac vice)*
GRANT & EISENHOFER P.A.
485 Lexington Avenue
New York, N.Y. 10017
Tel: (646) 722-8500
Fax: (646) 722-8501
dberger@gelaw.com
delman@gelaw.com
jpark@gelaw.com

*Counsel for Plaintiffs in
Case Nos. 18-cv-01956,
19-cv-00192, and 19-cv-01173*

By: /s/ David A. Slossberg
HURWITZ, SAGARIN,
SLOSSBERG &
KNUFF, LLC
David A. Slossberg (CT13116)
Jeffrey P. Nichols (CT29547)
147 Broad St.
Milford, CT 06450
Telephone: (203) 877-8000
Facsimile: (203) 878-9800
dslossberg@hssklaw.com
jnichols@hssklaw.com

COHEN MILSTEIN SELLERS &
TOLL PLLC
Carol V. Gilden
190 South LaSalle Street, Suite 1705
Chicago, IL 60603
(312) 357-0370
(312) 357-0369
cgilden@cohenmilstein.com

COHEN MILSTEIN SELLERS &
TOLL PLLC
Steven J. Toll
Julie G. Reiser
1100 New York Avenue, NW
Suite 500 East Tower
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
stoll@cohenmilstein.com
jresier@cohenmilstein.com

*Counsel for Plaintiffs in
Case Nos. 19-cv-00175 and 19-cv-00657*

8

CERTIFICATE OF SERVICE

    This is to certify that a copy of the foregoing has been sent to all required notification parties either via operation of the Court's electronic notification system or by first-class mail, postage pre-paid to anyone unable to accept such notification on this 23rd day of December 2019.

_____
CLENDENEN & SHEA, LLC