UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE TEVA SECURITIES LITIGATION<br><br>THIS DOCUMENT RELATES TO: | No. 3:18-cv-01681 (SRU)<br>No. 3:18-cv-01956 (SRU)<br>No. 3:19-cv-00192 (SRU)<br>No. 3:18-cv-01721 (SRU)<br>No. 3:19-cv-00449 (SRU)<br>No. 3:19-cv-00513 (SRU)<br>No. 3:19-cv-00543 (SRU)<br>No. 3:19-cv-00603 (SRU)<br>No. 3:19-cv-00655 (SRU)<br>No. 3:19-cv-00656 (SRU)<br>No. 3:19-cv-00923 (SRU)<br>No. 3:19-cv-01167 (SRU)<br>No. 3:20-cv-01630 (SRU)<br>No. 3:19-cv-01173 (SRU)<br>No. 3:20-cv-00083 (SRU)<br>No. 3:21-cv-01188 (SRU)<br>No. 3:22-cv-00106 (SRU) |

**ORDER ON RELEVANT PERIOD FOR DISCOVERY**

On November 9, 2023, I conducted a telephonic status conference to discuss several discovery disputes between the plaintiff groups and the defendants. Doc. No. 111. One issue I was unable to resolve with the parties was the appropriate time period for discovery. *See* Status Conf. Tr., Doc. No. 113 at 56-72. The defendants argued the discoverable time period should begin on January 1, 2013, because the plaintiffs in the related class action alleged the defendants' fraud began on that date. *Id.* at 56:12, 61:3-9. The plaintiff groups must offset their losses from the securities fraud with gains during the period of the securities fraud. *Minpeco, SA. v. Conticommodity Servs., Inc.*, 676 F. Supp. 486, 490 (S.D.N.Y. 1987) (in securities fraud cases, a court may offset losses with profits when the profits were "a result of defendants' allegedly manipulative behavior.").

The plaintiffs argue the relevant time period for discovery should begin at different points for each plaintiff's group.  Conf. Tr., Doc. No. 113 at 57.  The plaintiffs proposed to limit discovery to the period of alleged fraud claimed in each complaint, with a "90-day lookback window[.]"  Pl.'s Mem. of Law, Doc. No. 120 at 4.  I ordered the plaintiffs and defendants "to submit simultaneous briefing regarding the appropriate time period for discovery."  Scheduling Order, Doc. No. 112.

A district court has broad latitude to determine the scope of discovery and to manage the discovery process.  *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012*), aff'd sub nom. Republic of Argentina v. NML Cap., Ltd.*, 573 U.S. 134 (2014).  "[A] district court may limit discovery if, among other things, it determines that: [] the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; . . . or [] the burden or expense of the proposed discovery outweighs its likely benefit."  *In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 103 (2d Cir. 2008) (citing Fed. R. Civ. P. 26(b)(1)).

I conclude that the appropriate period for full discovery differs from the appropriate period for discovery regarding transactional data in Teva securities.  The full discovery period shall begin ninety days before each plaintiff group's claimed period of fraudulent activity.  The discovery period for transactional data in Teva securities shall begin on January 1, 2013.

"[T]he plaintiff is master of his own complaint."  *United States v. Hooker Chemicals & Plastics Corp.*, 749 F.2d 968, 980 (2d Cir. 1984).  "The 'damage period' or 'class period' in a securities fraud case is generally the period of time during which plaintiffs allege that the stock price of the defendant corporation was inflated due to fraudulent statements made by company

management, and ends when corrective statements are made (usually accompanied by a drop in price)." *In re Cigna Corp. Sec. Litig.*, 459 F. Supp. 2d 338, 352, 339 n.1 (E.D. Pa. 2006).

The plaintiff groups allege different start dates of Teva's fraudulent activity. Those start dates differ from the start of the class action period. Even though the plaintiff groups chose not to join the class action, they must disclose transactional data sufficient for Teva to determine if they profited (or incurred a loss) from Teva securities during the class period. *Cf. In re AES Corp. Sec. Litig.*, 849 F. Supp. 907, 910 (S.D.N.Y. 1994) (allowing for three years of discovery before the proposed class period when the discovery was relevant to the defendants' defense of non-reliance on the market).

I limit the full discovery period, however, to the start of the claimed fraudulent activity alleged in each plaintiff group's complaint, with a ninety-day lookback period. If I were to set the full discovery period from January 1, 2013, my decision could inflate some groups' discovery by "an additional year's worth (and, in some cases, multiple years' worth) of documents" and increase the plaintiffs' document production by hundreds of thousands of hit counts. Pl.'s Mem., Doc. No. 120 at 13-14. The *Franklin* plaintiffs, for example, would have 485,410 additional discoverable documents if discovery were extended from July 1, 2015, to January 1, 2014. *Id.* at 14. That result would be unduly burdensome for the plaintiff groups. A ninety-day lookback period is appropriate and "proportional to the needs of [this] case." Fed. R. Civ. P. 26(b)(1).

The parties shall meet and confer within twenty-one days regarding a revised scheduling order to govern completion of discovery in these cases, and to determine if the parties can resolve any remaining discovery disputes. If the parties cannot reach a resolution, they shall schedule a telephonic discovery conference with the Court.

So ordered.

Dated at Bridgeport, Connecticut, this 11th day of April 2024.

<u>/s/ STEFAN R. UNDERHILL</u>
Stefan R. Underhill
United States District Judge