UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE TEVA SECURITIES LITIGATION | No. 3:18-cv-01681 (SRU) |
| THIS DOCUMENT RELATES TO: | No. 3:19-cv-00603 (SRU) |

**CONFERENCE MEMORANDUM AND ORDER**

On November 13, 2024, I held a telephone conference on the record with Jeffrey Ritholtz, attorney for the *Highfields* plaintiffs ("*Highfields*"); Sheron Korpus, Andrew Schwartz, Sarah Leivick, and Jill O'Toole, attorneys for the defendants; Emma Waitzman and Aaron Sheanin, attorneys for the United States; and Christopher Ondeck, counsel for the joinder defendants in *In re Generic Pharmaceuticals Pricing Antitrust Litigation* (E.D. Pa. MDL No. 2724). The purpose of the call was to address discrete discovery issues and to address *Highfields*' motion to compel DOJ Interview Memoranda produced in the parallel criminal case, *United States v. Teva Pharmaceuticals USA, Inc.*, No. 20-200-02 (E.D. Pa.).

I turned first to the motion to compel. I gave the government seven days' time to claw back the DOJ Memoranda within Teva's possession. If the government chooses to claw back the memoranda, then *Highfields* may request the Memoranda from the government pursuant to *Touhy* regulations. If the government does not claw back the memoranda within seven days from the date of the conference, I will **grant** *Highfields*' motion to compel, **doc. no. 157**, to the extent that *Highfields* seeks memoranda of interviews of current or former Teva employees, and

**deny** the motion without prejudice to the extent that *Highfields* seeks memoranda of interviews of persons who merely mentioned Teva, because that request is vague and overbroad.

I turned next to the other discrete discovery disputes. *Highfields* and the defendants raised disagreements regarding scheduling and time allocation with Rule 30(b)(6) corporate representative witnesses. Three of *Highfields*' Rule 30(b)(6) witnesses—Craig Peskin, Jonathan Jacobson, and Robert Wang—are also fact witnesses. The defendants estimate that the depositions for each of those three witnesses as both fact and 30(b)(6) witnesses may take more than one day to complete. I ordered that those three witnesses must be made available for a total of one additional day of deposition testimony (seven hours), to be divided amongst the three witnesses.

The second discovery dispute involved Jonathan Jacobson's cell phone communications. I remarked that ahead of Mr. Jacobson's deposition, he ought to share the documents that are subject to the defendants' subpoena and ought to note which applicable communications were preserved, and what counsel did to preserve those communications. Attorney Ritholtz agreed to comply with that subpoena and will share responsive documents with the defendants seven days prior to Mr. Jacobson's deposition.

So ordered.

Dated at Bridgeport, Connecticut, this 15th day of November 2024.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge